BROWN, administratrix, *vs*. GROOVER, STUBBS & COMPANY.

1. A case was tried at the March term, 1879, of Washington superior court. At the same term defendant made a motion for a new trial, which was filed and served. A brief of evidence was also filed, subject to the revision and approval of the court. Subsequently, plaintiffs' counsel took it into his possession for the purpose of examining the same, but was not then asked to agree to it, and never promised to do so. Court was adjourned until the second Monday in June, but the adjourned term was not held on account of the sickness of the judge. At the next regular term the brief was submitted for the revision and approval of the court, still not agreed upon by counsel. The court indorsed on the brief that it had for the first time been submitted to him, and that six months having elapsed, he was unable to certify whether it was correct or not, though he recognized the correctness of portions of it. He dismissed the motion for new trial because no brief of evidence had

been filed under the approval and revision of the court, as required by law.

*Held*, that the indorsement of the judge did not amount to an approval of the brief of evidence.

There was no error in dismissing the motion for new trial, the inability of the judge to approve the brief of evidence resulting from the *laches* of the movant in not presenting it sooner for approval.

New trial. Practice in the Superior Court. Before Judge JOHNSON. Washington Superior Court. September Term, 1879.

Reported in the decision.

E. S. LANGMADE; B. D. EVANS, for plaintiff in error.

R. L. WARTHEN; R. W. CARSWELL, for defendants.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this case, that on the trial of an issue formed upon an affidavit of illegality, the jury found a verdict in favor of the plaintiffs. The defendant during the March term of the court, 1879, at which the case was tried, filed a motion for a new trial, which was served on plaintiff's counsel, and also filed a brief of the evidence subject to the revision and approval of the court. After said brief of evidence was filed, plaintiffs' counsel took it into his possession for the purpose of examining the same, but was not asked to agree to it at that time, nor did he ever promise to do so at any time. Said court was adjourned to the second Monday in June, 1879, but owing to the sickness of the judge, the said adjourned term of the court was not held, and all the business in the court went over to the next regular term thereof, held on the first Monday in September, 1879. When the case was called in its regular order upon the motion docket at the September term, 1879, the attention of the court was called to the fact that

there had been no consent of counsel indorsed on the brief of evidence, and the same was then submitted to the court for its approval and revision.   The presiding judge made the following indorsement upon the paper purporting to be a brief of the evidence:  " This brief of evidence is presented to me for approval on this day for the first time.   Six months having elapsed since the trial,. I am not able to certify whether it is correct or not.   My memory of the evidence is not sufficiently distinct to enable me to speak with any certainty of its correctness or incorrectness.   I recognize the correctness of portions of it.   September, 18th, 1879." .  The plaintiffs' counsel then moved the court to dismiss the defendant's motion for a new trial on the ground that no brief of the testimony had been filed under the approval and revision of the court as required by law, which motion the court sustained and the defendant excepted.

The indorsement of the judge on the paper which purported to be a brief of the testimony, was no approval of it as contemplated by the forty-ninth rule of court, and the reason why it was not approved, and could not be, was owing to the *laches* of the defendant in not presenting it to the judge at an earlier period of time after the trial of the case.   When parties lose their rights by their own negligence, this court has no legal power or authority to relieve them, even if it had the inclination to do so.

Let the judgment of the court below be affirmed.