## TURNER *vs.* WILCOX, GIBBS & CO.

65b 299
102 589
65b 299
6111 695

1. Where interrogatories and answers are omitted from the brief of evidence, the writ of error will be dismissed, and this though such omitted testimony may appear in another part of the record.
2. Where the judge indorses on the brief of evidence "revised and

v 65—20

approved subject to corrections," the writ of error will be dismissed, unless it affirmatively appears that he subsequently finally passed upon such brief, making the corrections, if any were necessary.

Practice in the Supreme Court.   February Term, 1880.

When this case was called, counsel for the defendants moved that the writ of error be dismissed because the brief of evidence was not revised and approved according to law, and because the written testimony of Reagan and other witnesses was not set out in such brief.

It appeared from an examination of the record that the judge had approved what purported to be the brief of evidence as stated in the second head-note.   The record contained the depositions of several witnesses for the defendants which did not appear in the brief of evidence. The bill of exceptions showed that such omitted testimony was introduced on the trial, but contained no verification of the same.

The motion was sustained and the principles set forth in the head-notes enunciated.

COLLIER & CHARLTON, for plaintiff in error.

S. F. WEBB, for defendants.