THE ERIE CITY IRON WORKS *vs.* ANGIER *et al.*

1. Under the act of 1877, where the clerk certified the record and bill of exceptions to be such in the case of E. *vs.* A., the papers could not be withdrawn from this court to have such certificate corrected, so as to make it read in the case of E. *vs.* A. and W.

(*a*). Nor could the clerk of the superior court be either required or allowed to come into the supreme court and alter his certificate or attach a new one to the papers.

2. Where, on the making of a motion for a new trial, the brief of evidence was not perfected, but it was agreed between counsel that certain original interrogatories should be used on the hearing and sent up to the supreme court as a part of the evidence in the case, and the court approved the brief with an order that the clerk copy the interrogatories as a part of the evidence, and where what purports to be a copy of such interrogatories appears in the record, disconnected from the approved brief, and without further authentication by the presiding judge, the writ of error will be dismissed.

Practice in the Supreme Court.   February term, 1881.

The Erie City Iron Works brought trover against N. L. Angier.   Upon his own motion H. H. Witt was made a party defendant.   Plaintiff recovered as to Witt, but failed as to Angier, and moved for a new trial, making both defendants parties to the motion.   The clerk, in certifying the bill of exceptions and the record, gave the name of the case as the Erie City Iron Works *vs.* Angier, omitting the name of Witt.   In the supreme court, counsel for plaintiff in error, moved to withdraw the record in order to have this certificate changed, so as to include

both defendants, or if this should be denied, counsel for plaintiff in error asked that the clerk of the superior court might come into the supreme court and alter the certificates to the record and bill of exceptions so as to include Witt, or attach a new certificate. Counsel for defendant in error objected to this motion, and moved to dismiss the case on the ground that the record and bill of exceptions were not properly certified, and because the brief of evidence was not properly authenticated.

The motion to withdraw was refused, and the case dismissed.

HOKE SMITH, for plaintiff in error.

E. A. ANGIER; ALEX. C. KING; HULSEY & McAFEE, for defendants.

JACKSON, Chief Justice.

This is an application to withdraw the bill of exceptions and transcript of the record, in order that the clerk might certify each as appertaining to a different case from that which the certificate now on each states. The certificate is that the cause is between Angier alone and the plaintiff in error, and it is sought to have another attached by the clerk of the superior court, that the cause is between Angier and Witt and the plaintiff in error.

1. We know of no law which empowers this court to have the original papers of file in it to be taken out for the purpose of correcting the certificate of the clerk thereon, or having him to attach a new certificate thereto. It is true that in *Pollard vs. King*, the bill of exceptions being wholly unauthenticated by the clerk, and, therefore, a mere blank piece of paper and no original bill of exceptions, was, by leave of the court, withdrawn for the purpose of having it authenticated, so as to be made an original bill of exceptions and writ of error, and this was done by an exceedingly liberal construction of the act of 1877.

Before that act a similar application was refused. *Mid-dlebrooks vs. Wilcox, Gibbs & Co.*, 58 *Ga.*, 599. It is difficult to see how any construction of the act of 1877, which does not, in effect, amend that act and thus make a new law, can authorize the withdrawal of the bill of exceptions for the purpose of having it certified, but this case is not that of *Pollard vs. King*, and, therefore, it is unnecessary to run counter to that judgment. It will not be extended, however, beyond its exact limits, in the absence of additional legislation. The case at bar differs. from that, in that the application is to withdraw the writ of error in this case, which the certificate of the clerk with that of the judge makes this bill of exceptions,. whereas in that case there was no certificate at all that it was the original bill of exceptions, and, therefore, it was. no writ of error or office paper of this court. It differs. from that case, too, in that it proposes to withdraw the transcript of the record to have another certificate attached to it too. There is no law for that, and no judgment of this court of which we are aware. There may have been some loose practice allowing transcripts of records of file here to be withdrawn, but we find no reported case and have been cited to none. The practice, if such has ever been the practice, is certainly unauthorized by law and dangerous in the extreme. The original papers of file here belong here, and they should remain here. If taken out and returned for correction to one court, they should be also to another, and thus the original papers of this court would cease to have any fixed abode, but travel all over the state. Such a practice would contravene that of all courts of record and endanger the safety of the files of any. ,

Our law in regard to suggestions of a diminution of the record and the mode of completing and making it full, also contravenes such a practice   The original transcript is not sent back to the court below, but what is omitted in it is sworn to by counsel here, and the clerk below is

directed to transmit to this court that which is thus sworn to, if part of the record, unless the opposing counsel will admit it. The record here, however, does not leave this court, but remains of file intact, as it came. The motion to withdraw these papers is, therefore, denied.

Nor is there any law for the other course suggested by the able counsel for the plaintiff in error, that the clerk be required to appear in this court and certify to the papers *de novo*, or make the correction. We have no power to compel his attendance for such a purpose, and if it be said that he is willing to come, inasmuch as his office is in this city, that does not answer the objection. Fulton superior court should have no superior advantages to the superior courts of Decatur or Rabun counties, and it would be difficult to get those clerks *ex gratia* to travel to this city and appear and certify in our presence.

No rule of practice should be adopted dependent upon the convenience or pleasure of the officers of court. Its language to officers should be that of command, and where the court has no power to command it should adopt no rule of practice.

We see, therefore, no remedy as the law now stands, for the plaintiff in error. If injured by the omission or inaccuracy of the clerk of the superior court, that officer is liable to respond in damages. Perhaps the whole subject should undergo legislative revision,and correction.

2. We decline, however, to dismiss the writ of error on the ground that the certificate is not sufficiently full. Without deciding that point, which it is unnecessary to do in this case, the writ of error is dismissed on the other ground, which has been often ruled, and within which ruling we think this case falls, and that ground is that the brief of evidence is not properly authenticated by the presiding judge.

It appears from the record that an agreement was made between counsel to the effect that the original interrogatories of S. A. Echols be used at the hearing of the mo-

tion for a new trial, and be sent up as a part of the evidence in said case.

The judge's approval of the brief of testimony is as follows: "The within brief of evidence is hereby revised, approved and ordered filed. Let the clerk copy the interrogatories of S. A. Echols as a part of the evidence."

What purports to be a copy of the evidence of S. A. Echols is in the record detached or separated from the approved brief of evidence, and not in any way authenticated by the judge as a true copy of the interrogatories introduced at the trial or used on the hearing of the motion for a new trial.

The case must, therefore, be dismissed.