## THE GEORGIA RAILROAD *vs.* MITCHELL

The 49th rule of the superior court requires a person applying for a new trial to make out a brief of the oral and a copy of the written evidence, which shall be filed under the approval of the judge who tried the case, and then it becomes a part of the record in the

case, and may be certified by the clerk as such. It is not a compliance with this rule for parties to agree, and the court to order that a part of the evidence may be omitted from the brief, and if the case should be brought to the Supreme Court, that the clerk may copy such evidence in the record. If any portion of the evidence should be left out of the brief, but should subsequently be attached thereto and approved by the judge, this might suffice ; but where interrogatories never were attached to the brief of evidence, but the clerk found them in his office, and, under agreement of counsel and the order of the court made when the brief of evidence was presented for approval, the clerk copied such interrogatories and embraced the copy in the transcript of the record sent to this court, this was not sufficient.

(a.) This court is less reluctant to dismiss the writ of error, because, from a careful inspection of the record, it appears that substantial justice has been done by the verdict and judgment rendered.

February 9. 1886.

Practice in Supreme Court. Practice in Superior Court New Trial. Before Judge HAMMOND. Fulton Superior Court. October Term, 1884.

When this case was called in the Supreme Court, a motion to dismiss it was made on the following grounds:

(1.) Because Emily Mitchell, as next friend of Edward Mitchell, was not made a party defendant to the motion for new trial, the refusing of which is the judgment assigned as error, and the judgment excepted to was not rendered in any proceeding to which she was a party.

(2.) Because the declaration was filed and trial had in a case in which Edward Mitchell, a minor, by his next friend, Emily Mitchell, was the plaintiff, and the motion for new trial and bill of exceptions is not in a case so sounding, but in a case sounding Ed. or Edward Mitchell against the Georgia Railroad and Banking Co.

(3.) Because all the documentary evidence used on said trial is not included in the transcript of the record or in the bill of exceptions, and is not sent up to this court properly certified or identified, as appears on the face of the record.

(4.) Because the record in this court does not contain any brief of evidence made out, approved and fi'ed, as by law provided, but only contains a copy of the stenographer's notes of the questions and answers of counsel and witnesses and the altercations between counsel and witnesses and the court, copy of diagram, copy of certain interrogatories, as well as what transpired between counsel and witness and the court in the absence of the jury.

(5.) Because the bill of exceptions was marked "filed in office January 23, 1885," and this entry was afterwards obliterated and altered, and with red ink (written over said date of filing) another entry of filing was made, to-wit "January 22."

The following agreement and order appear in the record at the close of the oral testimony, which was a copy of the questions asked the witnesses and their answers, objections and what was said by counsel and the court:

"We agree to the above and foregoing as a correct brief of the oral evidence in said case, and that the original interrogatories and diagram tables or other documentary evidence may be used on the hearing of the motion for new trial; and if the case is carried further, the same may be copied with the record by the clerk.   October 18, 1884.
                    "J. B. CUMMING; HILLYER & BRO., Defts'. Attys.
                    "A. H. Cox, Pl'ff's Atty."

"The above and foregoing brief of evidence and argument (agreement) approved and ordered filed with the record, 13th December, 1884, and the clerk will copy the interrogatories of Hutchinson, table in Reese's Manual and the diagram identified by signature of counsel.  W. R. Hammond, J. S. C. A. C."

The diagram was copied and appears in the record in the midst of the oral testimony before the above stated agreement and order.   It shows that the names of counsel were written on it.   The tables from Reese's Manual were not copied at all.   After the order above stated there follows in the record the charge of the court approved by him.   Then follows what appears to be a copy of interrogatories and answers of A. Hutchinson in the case of Emily Mitchell, as next friend of Edward Mitchell vs. The Georgia Railroad

and Banking Company, and then the supersedeas, and the clerk's certificate to the record.

The declaration begins thus: " The petition of Edward Mitchell, who, being an infant, sues by his next friend, Emily Mitchell, his mother, respectfully shows," etc. The motion for a new trial states the case as "Ed. Mitchell *vs.* Ga. R. R. & Bkg. Co."

The bill of exceptions states the case as that of "Edward Mitchell *versus* The Georgia Railroad and Banking Company." It recites the agreement above stated, and states that the written evidence appears in the record.

The judge's certificate to the bill of exceptions is dated January 10, 1885; the record was certified by the clerk January 31, 1885, and appears as set out above.

Jos. B. CUMMING; HILLYER & BRO., for plaintiff in error.

A. H. Cox; J. H. LUMPKIN, for defendant.

BLANDFORD, Justice.

A motion was made to dismiss this writ of error, upon the ground that the depositions of one Hutchinson are not embraced in the brief of evidence filed on the motion for new trial and the same are not annexed or attached to said brief. The parties by their counsel agreed in writing that the clerk of the court might certify the same as part of the record. This agreement was approved by the presiding judge, and the clerk ordered to certify the deposition as part of the record, which he did, not as part of the brief of evidence, but merely incorporated the same in the record, and the judge in the bill of exceptions states that this was done.

The 49th rule requires the applicant for new trial to make out a brief of the oral and copy of the written evidence, which shall be filed under the approval of the judge who tried the case, and then the same becomes a part of

the record in the case and may be certified by the clerk as such.

If the parties by agreement and order of the court could dispense with a part of the evidence, being incorporated in the brief of evidence, they could as well dispense with all the evidence, and thereby render nugatory the rule which requires the evidence to be incorporated in the brief. If we should countenance this departure from the rule, we would be called upon soon to sanction the abrogation of the rule itself. If the judge can by his order direct the clerk to copy certain written evidence and place the same in the transcript of the record sent up to this court, then he could as well direct the clerk to copy the stenographer's notes of the evidence and incorporate that in the transcript of the record, and thus the 49th rule would be practically abolished. The evidence had upon the trial of a case, when a motion for new trial is made, becomes a part of the record, when approved by the judge who tried the case, in the brief of evidence. If any portion of the evidence should be left out, but which was subsequently attached to the brief and approved by the judge, then this would do, but this was not done in this case. Hutchinson's answers to interrogatories were never attached to the brief of evidence, but the clerk found them in his office, and under agreement of counsel and the order of the court, he copied them and embraced the copy in the transcript sent to this court.

The case of the *Erie City Iron Works vs. Angier*, 66 *Ga.*, 634, is very much like this one, in which the writ of error was dismissed.

We feel constrained to dismiss this writ of error, and we are less reluctant to do so because from a careful inspection of the record in this case, we are satisfied that substantial justice has been done by the verdict and judgment rendered in this case.

Writ of error dismissed.