FREEMAN *v.* MACON DOOR, SASH AND LUMBER COMPANY.

When, pending a motion for a new trial, the presiding judge entered
   upon the brief of evidence a qualified approval but never fully
   approved the brief, his successor committed no error in dismiss-
   ing the motion at a subsequent term for want of an approved
   brief; nor did he err in refusing to enter upon the minutes *nunc
   pro tunc* an alleged order of continuance which was never in fact
   passed.                                        *Judgment affirmed.*
   April 10, 1893.  Argued at the last term.

Motion for new trial.   Before Judge FISH.   Sumter
superior court.   November term, 1891.

A verdict against Freeman was rendered at the May
term, 1891, of the superior court, and he moved for a
new trial.   The court ordered, by consent of parties,
that movant have until July 2, 1891, to perfect his mo-
tion and brief of evidence, and that the motion be set
for hearing on that day.   On that day there was a dis-
agreement of counsel as to the brief of evidence, and
the court passed an order, that " the within is certified
to be correct brief of the oral evidence and of the docu-
mentary evidence, except as to the memorandum marked
' Exhibit A,' as attached to the motion; there is an
issue of fact as to whether or not that paper was ten-
dered in evidence; if tendered there was no objection,
and hence the court does not, of his own knowledge,
know of the fact as to whether or not it was tendered
or admitted.   The affidavits of counsel are filed on this
July 2d, 1891."   At the next term the motion was called,
and the respondent therein moved to dismiss it, upon
the grounds, that no legal motion for new trial was pend-
ing, the motion having expired before the commence-
ment of the present term of court, by limitation of the
time fixed for the hearing; that there was no legal brief
of evidence of file, said brief not being properly and
positively approved, and not consented to or agreed to;

that the grounds of the motion had never been approved or certified as true; and that what purported to be the brief of evidence was never filed until after the expiration of time allowed by order of the court. Movant asked to have an order continuing the case to term time entered *nunc pro tunc.* Judge Fort, the predecessor of Judge Fish, stated: "This motion was made in due time, and at the hearing the counsel disagreed on the brief of evidence; there was a dispute as to the admission of certain written evidence therein specified, plaintiff's counsel contending that the evidence was admitted without objection, and defendant's counsel denying that it was ever tendered, or that he had any notice that it was offered. The court had not had his attention called to the matter, and therefore did not in fact know which contention was correct; hence the court did not approve this portion of the brief, but indicated his purpose to refer this question of fact to a jury, and to prepare an order accordingly. This course was objected to by plaintiff's counsel, and they insisted on a hearing to show this was erroneous, and on a motion to dismiss the motion for new trial because there was no brief of evidence as required by law. No order was passed and no consent was made by plaintiff's counsel to continue to another day, nor was any waiver made of their rights to demur or dismiss. It was the practice of the court to pass a final order covering all orders for a continuance, when the motion was finally determined in vacation. No order was passed because the matter was considered still pending in this way, and I intended, unless otherwise advised, to make an order continuing case into term, and referring the issue of fact to a jury. Before term my incumbency on the bench ceased."

The judge presiding refused to allow the order to be entered and dismissed the motion.

Hudson & Blalock, for plaintiff in error.

Hinton & Cutts, *contra.*