WATSON *v.* LONG *et al.*

| 94 | 255 |
|----|-----|
| 95 | 412 |

Where the first order fixed the time for hearing the motion for a new trial and granted leave "until the hearing" to make out and file a brief of the evidence, and by subsequent successive orders different times were fixed for the hearing and it was expressly provided that within a time limited by each the brief of evidence should be approved, and it not appearing that any brief was presented for approval until after all these limitations had expired, a further continuance, granted at the term succeeding that to which

the hearing had last been continued, did not necessarily carry with it the right on the part of the movant to have the brief of evidence approved at the time fixed for the hearing by this last order, as against an unwillingness of the judge then to exercise the power of approval. His refusal to approve the brief after a lapse of nearly eighteen months from the date of trial was. not error. Whether, as a mere question of legal power, his approval would have been valid or not, it was certainly not an abuse of discretion to decline to approve the brief after such a lapse of time.

August 6, 1894.

Motion for new trial. Before Judge JANES. Douglas county. December 21, 1893.

McBRIDE & BROWN and W. T. ROBERTS, for plaintiff in error. ADAMSON & JACKSON, contra.

LUMPKIN, Justice.

Error was assigned upon the refusal of the trial judge to approve a brief of evidence, and to a judgment dismissing a motion for a new trial. The facts are briefly summarized in the head-note.

Granting that the judge had the legal power to approve the brief of evidence, we cannot say that declining, under the circumstances, to exercise it was an abuse of discretion. Nearly eighteen months had elapsed from the date of the trial until the time when the judge was finally asked to approve the brief. It may have been impossible for him, at that time, either to know himself or be able to ascertain whether or not in point of fact the brief was correct. Indeed, it is hardly probable that he remembered the evidence as given upon the stand. Under these circumstances, we do not feel constrained to compel him to do something which he may not be able to do conscientiously.

We will take this occasion to remark that there is little or no excuse for such delay in having a brief of evidence perfected and approved. Instances like the present are becoming of too frequent occurrence. With great respect and in all kindness to our professional

brethren, we earnestly suggest that they attend to matters of this kind with more diligence and promptness. By so doing they will relieve themselves of much trouble and anxiety, and spare this court much unnecessary labor.                                   *Judgment affirmed.*