HELLER, HIRSCH & COMPANY v. DeLEON.

SIMMONS, C. J.—Although the judge of the trial court has the power to grant a reasonable time beyond the close of the term, within which to prepare and file a brief of evidence to be used upon the hearing of a motion for a new trial, it is the duty of the movant in such a case within a reasonable time to submit for approval a brief of evidence so prepared; and if this be not done until such a time has elapsed as renders it impossible for the judge to approve it, because of an inability to recollect the evidence as introduced at the trial, the motion when it is reached may be dismissed as incomplete because of the absence of an approved brief of evidence.

July 15, 1895.　By two Justices.　　　　　Judgment affirmed.

Motion for new trial. Before Judge MACDONELL. City court of Savannah. July term, 1894.

DeLeon brought suit against Heller, Hirsch & Company on July 2, 1886. The case was tried and a verdict rendered on April 25, 1892, which was the last day of the February term of the city court of Savannah. On that day defendants filed a motion for a new trial, and an order was granted giving leave to file a brief of the evidence at any time during the next May term. On May 24 a brief of the oral evidence was filed, with the agreement of plaintiff's counsel, indorsed thereon, that the original documentary evidence could be used at the hearing of the motion. A brief of the documentary evidence was afterwards filed within the time allowed by the order. Said briefs were not handed to the judge for revision and approval before they were filed, as the judge recollected, though defendants' counsel stated that they called the judge's attention to the briefs. At the July term, 1892, an order was granted, that the motion for new trial might be heard in vacation on notice by either side in time for the case to come to the next term of the Supreme Court. Neither side gave notice, and the case stood over to the November term. One of defendants' counsel stated that he inquired of the judge, during the November term, whether he had approved the brief of evidence, and the judge replied that he had not, but would act on the brief when the argument for a new trial was had. The judge had no recollection of this conversation. The case was not called by either side until the February term, 1894, when plaintiff's counsel moved to dismiss the motion for a new trial, on the grounds, (1) that the brief of evidence had not been approved, and (2) that the brief filed was not a brief of the evidence. Defendants' counsel moved to amend the brief of evidence by adding thereto a transcript of the judge's notes of the testimony, which was allowed. In sustaining the motion to dismiss, the judge stated that he was unable to approve the brief of evidence as

amended; that while he recognized portions of the testimony as being the same as given on the trial, he was certain that much that bore on the merits of the case was lacking, and the lapse of time was too great to enable him to supply it from recollection, the only existing memoranda being notes taken by the judge for his own use in preparing the charge, and not intended to be a report of the testimony.

On the same day that the motion to dismiss was sustained, defendant's counsel filed a written motion to set aside the order of dismissal, as improvidently and illegally granted. This written motion was served on plaintiff's counsel, who filed an answer thereto, and the same was heard on September 5, 1894, when it was denied, and the judgment theretofore rendered was ordered to stand as the judgment of the court. To this ruling defendants excepted.

NORWOOD & CRONK, for plaintiffs in error.
CHARLTON, MACKALL & ANDERSON, contra.