### SILVER *v.* HULL.

*Simmons, C. J.*—Under the facts appearing in the record, the court committed no error in refusing to vacate the judgment complained of, on any of the grounds taken in the motion.

July 15, 1895. By two Justices.        *Judgment affirmed.*

Motion to set aside judgment. Before Judge Eve. City court of Richmond county. November term, 1894.

J. M. Hull sued Mark Silver on an open account for $327.50, for medical services rendered. The action was brought to the August term, 1891, of the city court of Richmond county, and the defendant was served by the sheriff leaving a copy of the petition and process at his residence. Defendant handed these papers to C. H. Cohen, who had been and was his regular attorney, for the purpose of making defense to the suit, but was informed by Cohen that on account of his personal relations with plaintiff he preferred not to represent defendant in this case. Thereupon defendant gave the papers to Henry Giebner, an attorney at law, with the request that he represent him. By order of the court it was advertised that on November 2, 1891, the opening day of the November term, cases in order for trial at that term would be assigned. It was the practice of the court to assign for trial on the opening day of each term all litigated cases, and on that day to render judgment without a jury in all cases wherein such judgments could legally be rendered. The present case was not assigned on that day, but it was called for assignment,

and no one being present for the plaintiff, Giebner was about
to take steps looking to a dismissal, when Cohen told him to
let the case pass over for the term, as he, Cohen, was con-
ferring with Baxter, the plaintiff's counsel, and expected
Baxter would dismiss the suit of his own motion, because
Baxter said he only wanted documentary proof to show
that the account was barred by the statute of limitations.
Upon that information the case was passed, so far as de-
fendant was concerned, and Giebner felt no necessity,
under the circumstances, to give it any further attention;
but on December 15, 1891, after the juries were discharged
for the term, plaintiff, without notice to defendant or his
counsel, entered up judgment for the amount sued for
This was not known to defendant or his counsel until about
a week afterwards; whereupon a motion was made to set
aside the judgment upon the foregoing facts, and for the
further reason that defendant had meritorious defenses,
one of which was, that the account attached to the declara-
tion had no date at all and the suit was in fact for services
rendered over four years previously, and was therefore
barred by the statute of limitations; and the other was, that
defendant had already paid full value for the services sued
for, and he expected to be able to establish these facts on
the trial.   He offered to pay all costs necessary to open the
default.

The motion was overruled, and defendant excepted.

*C. H. Cohen* and *Salem Dutcher*, by *P. J. Sullivan*,
for plaintiff in error.   *E. B. Baxter*, contra.