## BALDWIN COUNTY *v.* CRAWFORD.

A judgment dismissing a motion for a new trial for want of an approved brief of evidence will not be reversed by this court, when it appears that, by reason of long delay, the judge became unable to remember what the evidence was, and therefore could not approve the brief at all. This is true even where, under orders duly granted, the time for obtaining such approval had not expired. Counsel who procure such orders must necessarily take the risk of the judge's failure of memory and consequent inability to approve the brief.

Argued April 17,—Decided May 19, 1897.

Motion for new trial. Before Judge Hart. Baldwin superior court. January term, 1896.

The judge's certificate to the bill of exceptions in this case is not in the statutory form. It states: "The recitals of fact contained in the foregoing bill of exceptions is true and correct, in so far as the same purports to be a history of the case. That portion which refers to the brief of evidence is not approved, for the reason counsel disagreed about the evidence, and owing to the lapse of time I was unable to recall the testimony, and accordingly dismissed the motion," etc.

The following appears from the record : The case was tried and a verdict rendered against the defendant at the July term, 1895; and on the same day, before the adjournment of the court, the defendant filed a motion for a new trial, which was approved by the court, and the court granted an order that the defendant be allowed thirty days within which to file a brief of evidence, and that the motion be heard at such time as the court might set. This order was granted July 18th. The bill of exceptions states : "In compliance with the order of said court, movant prepared and filed a brief of all the oral and documentary evidence submitted on the trial of said cause, and the same was filed in the clerk's office on August 16, 1895." On August 31, 1895, the judge ordered that the motion be heard at Irwinton, during the October term, 1895, of Wilkinson superior

court. ·At the time and place appointed by the order last men-
tioned, the judge passed an order stating : "It being shown to
the court that D. B. Sanford, Esq., the leading counsel for the
movant, is ill and can not be present, it is ordered that the hear-
ing of this motion stand continued, to be heard during the next
January term of Baldwin superior court, 1896." At the January
term, 1896, of Baldwin superior court, the plaintiff moved to
dismiss the motion for a new trial, on the grounds: (1) that
no brief of evidence was filed according to law, in that the
pretended brief filed was never submitted to the plaintiff for
agreement, nor served, nor approved by the court before filing.
(2) Said pretended brief is an incoherent, confused and utterly
perverted and untrue statement of the evidence produced on
the trial. The bill of exceptions states: Said motion for a
new trial and the motion to dismiss the same came on to be
heard before said court during said term, on Tuesday night,
January 21, 1896, when movant tendered to the court for its
approval the brief of evidence which had been previously filed
on August 16, 1895. Plaintiff and his counsel insisted upon
his motion to dismiss the motion for a new trial, and argument
was begun on the motion to dismiss, and pending the argu-
ment the plaintiff stated to the court that, before the filing of
said brief of evidence, he had, in the office of D. B. Sanford,
Esq., seen and examined said brief of evidence, although it had
not been "formerly" tendered him for agreement, that he then
and there declared to D. B. Sanford that he would not agree to
it; and on the night of said hearing and pending said argu-
ment the plaintiff did then and there review his own testimony
contained in said brief and correct the same by making era-
sures therein and by adding to the same what he insisted had
been omitted, as will appear by inspection of said brief of evi-
dence. And before any determination of the motion to dismiss
had been made by the court, the plaintiff in person proposed
to take all the papers in the case including the brief of testi-
mony, prepare a brief of the evidence, submit it, and let the
motion for a new trial be decided on that. This was assented
to by the counsel on both sides, and the hearing postponed
until Thursday night of January 23, 1896, on which night the

plaintiff withdrew from the agreement just mentioned, and insisted upon his motion to dismiss the motion for a new trial, which the court granted, over the objection of movant for a new trial, and passed the following order: " On motion of respondent, . . it is ordered that the motion be and is hereby dismissed, on the ground that no brief of evidence has been tendered said respondent or his attorneys in the time required by law, that said brief has not been agreed on, and counsel can not agree thereon, and the court does not remember the evidence in the case, owing to the lapse of time."

Error is assigned on this ruling, for the following reasons: (1) Because there was no consent or agreement between counsel as to the time of filing the brief of evidence, but the same was done by the order of the court, and time was not of the essence of the contract as claimed by the plaintiff. (2) Because said brief of evidence, before the filing thereof, was read and considered by the plaintiff, who instantly refused to agree to the same; and the court not having fixed a time of hearing the motion for a new trial, there was no other recourse for movant except to file the same as required in the court's order of July 18, 1895. (3) Because the court, after the agreement between counsel on Tuesday night, January 21, 1896, which was made and had in the presence of the court, failed and refused to enforce the same at the instance of movant for a new trial. (4) Because the agreement aforesaid had at the instance of the plaintiff was a waiver on his part as to any irregularity or other objection that might be taken by him as to the filing of the agreement of counsel or the approval by the court of the brief of evidence.

*D. B. Sanford* and *Whitfield & Allen*, for plaintiff in error.
*C. P. Crawford* and *Roberts & Pottle*, contra.

FISH, J. This court has upon several previous occasions made rulings similar to that stated in the headnote of this case. *Brown* v. *Groover, Stubbs & Co.*, 65 *Ga.* 238; *Thomas* v. *State*, 95 *Ga.* 484; *Heller, Hirsch & Co.* v. *DeLeon*, 96 *Ga.* 805.

*Judgment affirmed. All the Justices concurring.*