### LUCAS *et al. v.* CORDELE GUANO COMPANY.

A judgment dismissing a motion for a new trial for want of an approved brief of evidence will not be reversed by this court, when it appears that the brief was not presented to the judge for approval until the hearing of the motion, which was had several months after the trial, and when it further appears that evidence was omitted from the brief tendered, which the judge recalled as material, but the substance of which he was unable to remember, on account of long lapse of time which had expired since the trial. This is true notwithstanding the fact that movant's counsel were allowed until the date of the hearing to prepare and file a brief of the evidence.

Submitted November 18, — Decided December 15, 1898.

Motion for new trial. Before Judge Smith. Wilcox superior court. February 3, 1898.

At the September term, 1897, a verdict was rendered against the defendants. They filed a motion for a new trial within the time required by law. The court passed an order providing for the hearing of the case in vacation, at such time and place as the judge should fix on ten days notice to each party, and that the movant have "until and including the day of said hearing, and from continuance to continuance of said hearing, until the same is finally adjudicated by the court, to make out, have approved, and file a brief of testimony, without prejudice." In accordance with this order, notice was given counsel that the motion would be heard on February 3, 1898. On that day the

motion was called for hearing, and counsel for the movants pre-
sented a narrative brief of evidence as prepared by them, on the
back of which was an entry of filing by the clerk, dated Feb-
ruary 1, 1898. Counsel for the respondent stated that he had
not had time in which to examine this brief. In order that
counsel "might have an opportunity to endeavor to agree on the
brief," it was agreed that the hearing should be deferred until
later on the same day. The motion was again called on that
day, and counsel for the respondent declined to agree to the
brief of evidence, saying he did not think it contained all the
material parts of the testimony of one of the plaintiff's wit-
nesses, named Mann, and also that a certain contract between
the plaintiff and one Hall (the consignee of the fertilizer in-
volved in the suit) did not appear in the brief. Counsel for
the movants stated that they were not in the case at the time
of the trial before the jury, but were employed immediately
afterwards to move for a new trial, and that the official stenog-
rapher's report of the trial did not show that any contract be-
tween the plaintiff and Hall was put in evidence, but that they
were willing to put in the brief whatever were claimed to be
material parts of such contract; that, as they understood plain-
tiff's theory, the only materiality of such contract was to show
that plaintiff was obligated to deliver the fertilizer in question,
at Stave's landing on the Ocmulgee river; and they accordingly
inserted in the brief a statement of that part of the contract.
As to the other objection to the brief, counsel for the movants
stated that the official stenographer's report showed that, at
the time of the trial, the interrogatories of the witness Mann
had been lost, and that by consent a copy of them had been
used on the trial; that the present counsel had received the
papers in the case from the clerk, and some from the counsel
who represented defendants on the trial, and there were no
interrogatories of the witness Mann nor any copy or memo-
randum thereof among the papers; that they had been un-
able to find these interrogatories, and the clerk had reported
that the papers delivered to them were all that had been in
his office; and in preparing the narrative brief of evidence
they had stated Mann's testimony according to the best in-

formation they could get.  They also called the attention of
the court and of respondent's counsel to the fact that the wit-
ness Mann was then in the judge's room, and counsel for the
movants offered to take the statement or testimony of Mann as
to what his testimony had been on the trial.  Counsel for the
respondent would not consent to supply Mann's testimony in
this way.  Counsel for the movants then stated that they would
accept and put in their narrative brief, as the testimony of
Mann, anything that the counsel for the respondent would
state as his recollection of what Mann had testified.  Counsel
for the respondent would not accede to this proposition, and
stated that he did not think it was his duty to prepare a brief
for the movants, and that he could not remember what the
evidence was.  Counsel for the movants thereupon requested
the court either to require counsel for the respondent to state
what he desired to have put in the brief, or to approve the brief
as it then stood.  This the court would not do.  At this stage
of the hearing the court took a recess until later in the evening
of the same day; respondent's counsel having moved to dis-
miss the motion for new trial, for want of an approved brief
of evidence.  Upon reconvening that evening, there were pres-
ent at the judge's office the judge, the witness Mann, and the
counsel for the movants.  The attorney who had appeared in
behalf of the respondent was not present.  Counsel for the
movants read over to the witness Mann, in the presence of the
court, the statement of his testimony on the trial, as contained
in the narrative brief of evidence offered by counsel for the
movants, and Mann stated in the presence of the court that
this statement of his testimony was correct, to the best of his
recollection.  After waiting for some time, and respondent's
counsel not appearing, the court passed an order refusing to
approve the brief of evidence offered.  To this order, and to
the action of the court in refusing to require respondent's coun-
sel to state what additional evidence he desired put in the
brief, the movants excepted.  The order referred to states, that
several material parts of the evidence introduced on the trial
were left out of the brief of evidence offered by movants; and
counsel for respondent, for that reason, refusing to agree to

said brief of evidence, claiming that he can not, for the reason that the same is incomplete and incorrect, and that he can not remember sufficiently to supply the defects and the incompleteness of the same; and the court being unable to remember just what the evidence was, some of the missing parts being documentary and some being interrogatory, and knowing the same to be material, and the counsel who tried the case in the court below for the movants having abandoned the same, and the counsel who now represents movants not having been engaged in the case on the trial, and not being in a situation to aid the court and counsel for the respondent, it is impossible for the court to approve the brief of evidence offered by the movants. The court then dismissed the motion for a new trial; and movants excepted.

*Cutts & Lawson, D. M. Roberts* and *E. H. Williams,* for plaintiffs in error. *Thomson & Whipple,* contra.

LEWIS, J. From the facts stated in the official report it will be seen that counsel for movants did not have a complete brief of evidence prepared on the date of the hearing, for the reason that there were entirely omitted therefrom material portions of the testimony. It is true, under the order of court, he had until and during the final hearing of his motion to prepare his brief; but when counsel procures such an order of court, he must necessarily take upon himself the risk, when he omits to prepare and present a brief until the final day, that the court may fail to remember the evidence, and for this reason may not be able to approve the brief. It is insisted in this case that the court erred in not imposing terms on the counsel for respondent, either to agree to the brief, or state what he wanted therein. While it does seem from the record that movants' counsel was fair in his proposition to the respondent touching an agreement upon the brief of evidence, yet we know of no law which compels respondent's counsel in such a case to aid in the preparation of a brief of evidence, or to supply evident omissions therefrom. It is the usual practice for counsel to agree upon the brief of evidence before the same is submitted for approval by the judge, but there is no law requiring such a course,

and we know of no remedy provided by any rule of practice which would compel such an agreement by counsel. In principle there is nothing to distinguish this case from previous adjudications of this court on the same subject. *Williams* v. *Johnson*, 94 *Ga.* 722; *Thomas* v. *State*, 95 *Ga.* 484; *Heller* v. *DeLeon*, 96 *Ga.* 805; *Baldwin County* v. *Crawford*, 101 *Ga.* 185.

Judgment affirmed. *All the Justices concurring.*