## BRANTLEY *v.* MEYER, REINHARD & COMPANY, and *vice versa.*

An entry made by the presiding judge on a brief of evidence presented with a motion for a new trial, in the following language : "The within brief of evidence is hereby approved as correct, subject to such additions as either side may desire as taken from entries on the fi. fas. mentioned herein, as the fi. fas. are not now accessible," did not serve as a legal approval of the brief of evidence.

Argued June 20, — Decided August 7, 1900.

Motion for new trial. Before Judge Henry. Johnson superior court. November 1, 1899.

*Vernon B. Robinson,* for Brantley.
*A. F. Daley,* contra.

LITTLE, J. An issue was formed on an affidavit of illegality interposed by Brantley to the levy of a certain execution issued on a judgment rendered in the superior court of Johnson county in favor of Meyer, Reinhard & Co. against T. J. Brantley & Bro. Both the plaintiffs in execution and the defendant introduced evidence, and, the case having been closed, the court directed a verdict for the plaintiffs. The defendant, during the same term of court at which the verdict and judgment were rendered, made a motion for a new trial upon a number of grounds. The date of the hearing of the motion was fixed by the presiding judge as the 1st day of November, 1899, and by a proper order he gave the movant until the hearing to prepare and have approved a brief of evidence in the case, allowing him to amend his motion at the hearing, and giving him five days after the hearing to file the brief of evidence. At the time and place set for the hearing, the movant presented his brief of evidence, upon which the judge then and there entered the following order: "The within brief of evidence is hereby approved as correct, subject to such additions as either side may desire as taken from entries on the fi. fas. mentioned herein, as the fi. fas. are not now accessible. This November 1, 1899." The plaintiffs in fi. fa. then moved to dismiss the motion, because the brief of evidence presented was not a full and complete brief of the evidence submitted on the trial of the case. The court overruled the motion. The hearing was then had, and the motion for a new trial was refused, and the movant sued out a bill of exceptions to have this refusal reviewed by this court. The defendant sued out a cross-bill of exceptions, assigning as error the ruling of the court in refusing to dismiss the motion for new trial, and in approving the brief of evidence before the same was perfected. The main and cross bills of exceptions were argued together in this court, and, under the view we take of the ruling assigned as error in the cross-bill of exceptions, it is only necessary to consider that assignment in order to properly dispose of the case.

It will be noted that a direct exception was taken to the action of the judge in approving the brief of evidence before the same was perfected, as well as to the direction given by the judge, in his order of approval, that certain omissions should be supplied after the hearing. It was ruled in the case of *Mann* v. *Tallapoosa Street Railway Co.*, 99 *Ga.* 117, that it is not cause for dismissing a motion for new trial that the judge improperly approved as a brief of the evidence a paper purporting to be such, but that the proper practice in such case is to except directly to the order of approval, or else move to vacate that order, and if the motion is refused, to except directly to such refusal. The error assigned in the cross-bill of exceptions, that the judge erred in approving the brief before it was perfected, comes within the rule here laid down as being the proper practice. It would seem almost unnecessary to say that there can be no legal motion for a new trial without a brief of evidence, and that there can be no hearing on a motion for a new trial until the brief has been perfected and approved. A partial or incomplete brief is not such an one as is contemplated by the statute which requires a brief of all the evidence to accompany a motion for a new trial, nor does a brief of evidence become a part of the record until approved by the presiding judge, which approval must necessarily include an assertion that the paper presented contains a brief of all the material evidence ; and not only so, but that it is correctly stated as it appears in the paper.

In the case of *Royce* v. *Gazan*, 76 *Ga.* 79, a brief of evidence accompanying a motion for a new trial had this entry indorsed on it by the judge: "Examined and approved, subject to future corrections, if necessary." It appeared that, after this qualified approval, corrections were made in the brief, and, after such corrections were made, the judge finally approved the brief. This court ruled under such circumstances that the motion for a new trial should not have been dismissed, but the ruling was based on the fact that subsequently to the qualified approval the brief was corrected and approved in full by the judge. In that case the qualified approval was not a matter for consideration, inasmuch as the brief when corrected was fully approved, and this came up to the rule. In the case of *Turner* v. *Wilcox*, 65 *Ga.* 299, the judge indorsed on the brief

of evidence, "revised and approved subject to corrections"; and when the case was called in this court, the writ of error was dismissed, the court ruling that if it affirmatively appeared that the judge subsequently finally passed upon the brief and approved the same, it would not be subject to dismissal.    In the case of *Erie City Iron Works* v. *Angier*, 66 *Ga.* 634, the court dismissed the writ of error, where the judge had thus approved the brief of evidence: "The within brief of evidence is hereby revised, approved, and ordered filed. · Let the clerk copy the interrogatories of S. A. Echols as a part of the evidence." It was intimated in that decision that, if a copy of the evidence of Echols had been authenticated by the judge as true, and had accompanied the brief of evidence to this court, the writ of error might not have been dismissed.    In the case of *Georgia Railroad* v. *Mitchell*, 75 *Ga.* 144, there was an agreement between the counsel that the brief presented was correct, and, if the case was carried to the Supreme Court, that certain interrogatories and tables and other documentary evidence might be copied with the record by the clerk.    Under this agreement the judge of the superior court approved and ordered the agreement filed with the record, and directed the clerk to copy the documentary evidence referred to in the agreement.    This court ruled in that case that it was not a compliance with the rule for parties to agree, and the court to order, that a part of the evidence may be omitted from the brief, and, if the case should be brought to the Supreme Court, that the clerk might copy such evidence in the record; and accordingly dismissed the writ of error.    These cases are cited to show that the jurisdiction of the trial judge is limited to an approval of the brief of evidence as it is finally made up, and that an approval of a brief which contemplates an addition thereto is not such an approval as is required by law, unless after the additions are made the judge again approves either the brief of evidence as a whole, or the additions which have been made thereto.    In the present case the approval is made subject to such additions as either side may desire, as taken from certain papers described.    It was not, therefore, a proper and legal approval.    If additions were made to this brief of evidence after such qualified approval, we have no

means of knowing whether the same are or not correct. A brief of evidence can be authenticated alone by the judge, and this court is not authorized to consider any brief not fully approved. For these reasons, the court erred in entering this qualified order of approval, and, the plaintiffs in error having properly excepted thereto, the judgment on the cross-bill of exceptions is reversed, and the main bill of exceptions dismissed.

*Judgment on cross-bill of exceptions reversed; main bill of exceptions dismissed. All the Justices concurring,*