*J. E. Craigmiles,* contra.

---

6399.   KAHN *et al. v.* MOTION PICTURE ADVERTISING
COMPANY.

The appellate division of the municipal court of Atlanta erred in dismissing the appeal.

DECIDED JANUARY 10, 1916.

Complaint; from municipal court of Atlanta.   February 3, 1915.

*Morris Macks,* for plaintiffs in error.

BROYLES, J.   The bill of exceptions recites that within ten days from the rendition of the judgment in favor of the plaintiff, and the overruling of the motion for a new trial in the municipal court of Atlanta, the defendants tendered to the trial judge an appeal to the appellate division of that court, and that the judge "required the defendants to submit the brief of the evidence to the counsel for plaintiff in error before he would either approve the grounds of the motion or the brief of the evidence; nevertheless, he directed the deputy clerk of said court to enter on said motion that the same was filed in court on said date, to wit, November 14, 1914, and then returned to defendants' counsel the motion and brief, to submit to adverse counsel. Defendants immediately presented the motion and brief to counsel for the adverse party, who retained the same until December 7, 1914, and then returned to defendants' counsel the motion and brief, after having corrected the brief to his notion; upon defendants objecting to all the alterations, it was agreed between counsel for plaintiff and defendants to submit the dispute to the trial judge for direction; that at the January (b) term, 1915 (January 29, 1915), said case was assigned for trial before the appellate division of said court, and on the day preceding said date assigned for trial, counsel for defendants procured from Judge Rosser [the trial judge] a certificate approving the grounds of the motion and the brief of the evidence as of date that the same was originally tendered and filed as aforesaid, to wit, November 14, 1914, leaving all corrections as made by adverse

counsel; that counsel for plaintiff thereupon (January 29, 1915) made an oral motion in the appellate division of said court to dismiss the motion for a new trial because the same had been certified to by the trial judge on the preceding day, leaving the date as November 14, 1914, when it was originally tendered and filed as aforesaid; it being admitted that the judge had signed the same January 28, 1915, instead of November 14, 1914, and it also being admitted that the motion was tendered and filed within time (ten days after the overruling of oral motion for new trial)." The appellate division sustained the motion and dismissed the appeal, and defendants excepted.

It appearing from the above recital of facts that the defendants complied with the requirements of the act (Acts 1913, p. 168, § 42 c) creating the municipal court of Atlanta, and that the delay in securing the approval of the trial judge to the brief of the evidence was not due in any way to the defendants or their counsel, but was occasioned by the court's action in requiring such brief to be submitted to the opposing counsel and the retaining of the brief by such counsel, the appellants should not suffer through the fault of the adverse party, or the failure of the court to do what the law requires him to do, and the appellate division erred in dismissing the appeal on this ground. "The law does not require the approval of the brief of evidence by opposing counsel. He has nothing to do with it. The law requires the brief to be approved by the trial judge only." *Price* v. *High,* 108 *Ga.* 149 (33 S. E. 956); *Bugg* v. *State,* 13 *Ga. App.* 672 (1), 674 (79 S. E. 748).

*Judgment reversed.*