### WOMACK v. WOMACK.

GEORGE, J. 1. Allowing a brief of evidence to be filed "subject to approval" does not amount to an approval of the brief. *Brown* v. *Groover*, 65 *Ga.* 238.

2. It is no abuse of discretion for a judge to refuse to approve a brief of evidence, where he can not, due to long lapse of time, as indicated in this case, remember what the evidence was; and unless an approved

brief is filed, the motion for new trial is properly dismissed. *Pease* v. *Pease,* 66 *Ga.* 277; *Williams* v. *Johnston,* 94 *Ga.* 722 (19 S. E. 888); *Baldwin County* v. *Crawford,* 101 *Ga.* 185 (28 S. E. 621); *Lucas* v. *Cordele Guano Co.,* 106 *Ga.* 200 (32 S. E. 120).

*Judgment affirmed. All the Justices concur.*

No. 1892. NOVEMBER 11, 1920.

Motion for new trial. Before Judge Ellis. Fulton superior court. December 6, 1919.

F. H. Womack filed suit for divorce against Mrs. Lula B. Womack. The defendant answered the suit, and in a cross-petition prayed for temporary and permanent alimony. On the final trial the jury returned a verdict finding a total divorce for both parties, and permanent alimony for the wife and child, to be paid in monthly installments. Whereupon the plaintiff procured other counsel, and on June 12, 1917, during the term, filed his motion for new trial. At the time of the filing of the motion a brief of evidence was filed, " subject to approval on trial of motion for new trial." The motion for new trial came on to be heard on March 15, 1919, and was dismissed by the judge " for failure to furnish a brief of the evidence." The judgment dismissing the motion for new trial was reversed, two Justices dissenting. *Womack* v. *Womack,* 149 *Ga.* 496 (100 S. E. 570). Subsequently, on December 6, 1919, the motion for new trial again came on for a hearing, and upon the hearing the court declined to approve the brief of evidence of file, and granted an order dismissing the motion for new trial, in which he recited that the order allowing the brief of evidence filed was made with the " qualification that it could be corrected when the case came on in due course, that is to say, within the ordinary time within which a judge could remember his ruling in the suit. The case tried can only be generally recollected by me. I can not remember the number of witnesses who testified; I can not remember the details of their testimony; I only know that . . the verdict was amply justified by the evidence in the case. I do not believe it [the brief of evidence filed subject to approval] is the correct statement of what happened on the trial; and I now again dismiss the motion for new trial." The plaintiff excepted. The errors assigned are that the judge erred in failing to point out wherein the brief of evidence was incorrect, and, if the judge could not remember the evidence, in failing to call the witnesses before him

and to ascertain from them the substance of their testimony upon the trial of the case.

*James & Bedgood,* for plaintiff.

*Neufville & Neufville,* for defendant.