*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

### 24272.   GRIFFIN *v.* THE STATE.

DECIDED NOVEMBER 28, 1934.

DECIDED NOVEMBER 28, 1934.

*G. G. Bower,* for plaintiff in error.

GUERRY, J.   On May 2, 1934, the defendant, Alfred Griffin, was convicted of the offense of stealing certain automobile-truck tires, charged as a misdemeanor.   On May 3, 1934, he filed his motion for a new trial, and on July 9, 1934, presented for approval of the trial judge a brief of the evidence, together with an amendment to his motion.   On July 23, 1934, the motion came on for determination, and counsel for the defendant requested the court to approve the brief of evidence, which had already been submitted, where-

upon the trial judge stated that he could not approve it, because he did not think it full enough, and that he could not point out the deficiency, because he did not remember the evidence in the case. Counsel for the State also stated that the brief of evidence was not true and full enough, and that he was unable to point out the deficiencies, because he did not remember the evidence in the case. The trial judge thereupon rendered judgment dismissing the motion for a new trial, for the lack of an approved brief of the evidence. His order was as follows: "The court, being unable to say whether or not it [the brief of evidence] is true and correct, refuses to approve the same, and the motion for new trial in said case is therefore and therefor dismissed." To this action in failing and refusing to approve the brief of evidence and in dismissing the motion for a new trial, the movant excepted. The exception to this order, as contained in the bill of exceptions, is as follows: "To this judgment of the court refusing to approve said brief of evidence and to this judgment of the court dismissing said motion for new trial the defendant, Alfred Griffin, excepts and assigns error thereon, . . and that the court committed error in refusing to point out to movant and movant's counsel the omissions, deficiency, and defects in the movant's brief after movant offered to supply the same and remedy the same, and in dismissing thereafter the motion for new trial."

Under the Civil Code (1910), §§ 6089, 6093, 6306, a brief of the evidence is an indispensable part of a motion for new trial. See also *Moxley* v. *Ga. Ry. & El. Co.*, 122 *Ga.* 493 (50 S. E. 339); *Nichols Contracting Co.* v. *Allen*, 42 *Ga. App.* 306 (155 S. E. 770); *Oliver* v. *Fireman's Ins. Co.*, 42 *Ga. App.* 99 (155 S. E. 227); *Morris* v. *Gilham-Schoen Electric Co.*, 40 *Ga. App.* 649 (150 S. E. 924); *Starke* v. *Hunt*, 29 *Ga. App.* 397 (115 S. E. 505); *Bull & Son* v. *Armour Fertilizer Works*, 26 *Ga. App.* 151 (105 S. E. 616); *Bell* v. *State*, 19 *Ga. App.* 41 (90 S. E. 733); *Ga. Ry. & Elec. Co.* v. *Hamer*, 1 *Ga. App.* 673 (58 S. E. 54); *Currin* v. *Newbern*, 43 *Ga. App.* 332 (158 S. E. 771); *Adams* v. *Overland-Madison Co.*, 27 *Ga. App.* 531 (109 S. E. 413); *Smith* v. *State*, 22 *Ga. App.* 617 (97 S. E. 96), and cit.; *Baker* v. *Johnson*, 99 *Ga.* 374 (27 S. E. 706); *Holloman* v. *Small*, 111 *Ga.* 812 (35 S. E. 665); *Taliaferro* v. *Columbus R. Co.*, 130 *Ga.* 570 (61 S. E. 228); *Fireman's Ins. Co.* v. *Oliver*, 176 *Ga.* 81 (167 S. E. 99); *Whitaker* v.

*State,* 138 *Ga.* 139 (75 S. E. 254); *Reed* v. *Warnock,* 146 *Ga.* 483 (91 S. E. 545); *Garraux* v. *Ross,* 150 *Ga.* 645 (104 S. E. 907); *Mize* v. *Americus Mfg. & Imp. Co.,* 106 *Ga.* 140 (32 S. E. 22); *Brooks* v. *Proctor & Huddleston,* 111 *Ga.* 835 (36 S. E. 99). In order that a brief of the evidence be valid it must have the approval of the trial judge (Civil Code, § 6089; *Guthrie* v. *Hendley,* 8 *Ga. App.* 101, 68 S. E. 654; *Freeman* v. *Macon Door, Sash & Lumber Co.,* 92 *Ga.* 407, 17 S. E. 627; *Milton* v. *Savannah,* 121 *Ga.* 89, 48 S. E. 684; *Cawthon* v. *State,* 119 *Ga.* 395, 46 S. E. 897; *Turner* v. *Wilcox,* 65 *Ga.* 299; *Bugg* v. *State,* 13 *Ga. App.* 672, 79 S. E. 748), and it is not necessary, although a customary and proper procedure, that such brief of the evidence have the approval of opposing counsel. *Kahn* v. *Motion Pictures Ad. Co.,* 17 *Ga. App.* 454 (87 S. E. 684); *Marietta Fertilizer Co.* v. *Gary,* 22 *Ga. App.* 604 (96 S. E. 711). The question presented to this court is, did the trial judge err in refusing to approve the brief of evidence submitted by counsel for the movant, under the circumstances already detailed, and in thereafter dismissing the motion for a new trial for the lack of an approved brief of evidence? From the authorities we have been able to examine, we are of the opinion that his action must be affirmed.

In *Watson* v. *Long,* 94 *Ga.* 255 (21 S. E. 507), the Supreme Court in affirming the action of the trial judge refusing to approve the brief of evidence and dismissing the motion for new trial, where some eighteen months had elapsed between the trial and the submission of the brief for approval, said: "Granting that the judge had the legal power to approve the brief of evidence, we can not say that declining, under the circumstances, to exercise it was an abuse of discretion. Nearly eighteen months had elapsed from the date of the trial until the time when the judge was finally asked to approve the brief. It may have been impossible for him, at that time, either to know himself or be able to ascertain whether or not in point of fact the brief was correct. Indeed, it is hardly probable that he remembered the evidence as given upon the stand." In *Williams* v. *Johnson,* 94 *Ga.* 722, verdict was rendered on May 28, 1892, and a motion for new trial filed on June 18. On July 30, the motion was called for hearing and the brief of evidence was then presented to the court for its approval. The respondent objected to the movant's brief as being incorrect, and produced a brief .

which he claimed was correct. The court recognized the fact, from an examination of the briefs, that the movant's brief was in several particulars incorrect, but as to several other material matters, as to which the briefs were in sharp conflict, the judge was unable to say which was correct, "on account of the lapse of time since the trial and the great amount of business transacted in the meantime." The hearing was postponed until September 2, to allow the trial judge to attempt to reconcile the conflicts. However, on that date he announced "that he was unable to reconcile the two briefs or to remember what the testimony was on the disputed points, and on failure of counsel for both parties to agree, after several continuances, the motion for new trial was dismissed for the want of a brief of evidence." The court held as follows: "It is not apparent that the judge abused his discretion in refusing to approve the brief of evidence, but on the contrary, as his memory, by reason of the lapse of time since the trial, had failed in respect to what the evidence really was, he was well justified in his refusal." In *Baldwin County* v. *Crawford,* 101 *Ga.* 185 (28 S. E. 621), it was ruled: "A judgment dismissing a motion for a new trial for want of an approved brief of evidence will not be reversed by this court, when it appears that, by reason of long delay, the judge became unable to remember what the evidence was, and therefore could not approve the brief at all. This is true even where, under orders duly granted, the time for obtaining such approval had not expired. Counsel who procure such orders must necessarily take the risk of the judge's failure of memory and consequent inability to approve the brief." In *Brown* v. *Groover,* 65 *Ga.* 238, it was held that where a motion for new trial and brief of evidence were filed at the same term the verdict was rendered but the brief of evidence was not submitted to the trial judge until six months thereafter, his action in dismissing the motion because of the lapse of time he could not certify to the correctness of the brief of evidence was not error. In *Lucas* v. *Cordele Guano Co.,* 106 *Ga.* 200 (32 S. E. 120), it was held: "A judgment dismissing a motion for new trial for want of an approved brief of evidence will not be reversed by this court, when it appears that the brief was not presented to the judge for approval until the hearing of the motion, which was had several months after the trial, and where it further appears that evidence was omitted from the brief tendered, which the

judge recalled as material, but the substance of which he was unable to remember, on account of long lapse of time which had expired since the trial. This is true notwithstanding the fact that movant's counsel were allowed until the date of the hearing to prepare and file a brief of the evidence." See also, in this connection, *Gwinn* v. *Almand,* 110 *Ga.* 318 (35 S. E. 150) ; *Hamburger & Williams* v. *Jackson,* 114 *Ga.* 396 (40 S. E. 300). In the case of *Womack* v. *Womack,* 150 *Ga.* 654 (104 S. E. 778), the exceptions were: "that the judge erred in failing to point out wherein the brief of evidence was incorrect, and, if the judge could not remember the evidence, in failing to call the witnesses before him and to ascertain from them the substance of their testimony upon the trial of the case." The court ruled: "It is not abuse of discretion for a trial judge to refuse to approve a brief of evidence, where he can not, due to long lapse of time, as indicated in this case, remember what the evidence was." See also *Heller* v. *DeLeon,* 96 *Ga.* 805 (22 S. E. 578). It is quite true that if a brief of evidence is submitted to the trial judge in due time, which contains all the material evidence had at the trial, and he merely refuses to approve it, a bill of exceptions will lie to his action. *Price* v. *High Co.,* 108 *Ga.* 145-9 (33 S. E. 956). And it has been held that where a trial judge can not approve a brief of evidence submitted to him, because he deems it incorrect, he should call attention to the particulars in which it is incorrect and afford the movant an opportunity to correct it. *McConnell* v. *State,* 8 *Ga. App.* 394 (69 S. E. 120) ; *Bugg* v. *State,* 13 *Ga. App.* 672 (79 S. E. 748) ; *Tompkins* v. *Hardison,* 31 *Ga. App.* 276 (120 S. E. 556). However, in the case at bar the trial judge refused to approve the brief of evidence for the reason that he did not deem it correct and stated that *he could not point out the incorrectness of the brief because he did remember all of the evidence.*

While no great lapse of time occurred in this case between the trial and the submission of the brief of evidence for the judge's approval, as happened in some of the cases already cited, the principle of those cases applies equally here, for the taking of exceptions to the memory of a trial judge has no foundation in law. This court, could not, by reversing his action in dismissing the motion for a new trial, compel him to remember that which he has forgotten. Therefore he could not approve the brief, and without

it there could not be a valid motion for a new trial. As was said by Judge Russell, in *Martin* v. *Mendel,* 10 *Ga. App.* 421 (73 S. E. 620), a case similar to the one at bar: "We could not order a new trial, because the judge has not passed upon the motion. We could not direct him to approve the brief of evidence as presented, because it is not correct. We could not require him to correct it, because he does not remember what the evidence was. If in a case such as that now before us the reviewing court should hold that the judge abused his discretion because the long delay which caused the lapse of memory was due to his laches, and should reverse his judgment of dismissal of the motion, thereby directing the judge to use his discretion in approving the brief and in passing upon the motion, we would move in a circle, because the judge does not remember the evidence, and no matter to whom fault for the delay is to be charged, the brief can not be approved nor the motion perfected. This would seem to be a case of a right without a remedy; because, in our view of it, where a brief of evidence is presented to the judge any time within the terms of the order of the court, it would seem that counsel for the movant has done all that is required of him under the provisions of the Civil Code (1910), §§ 6089, 6090, 6093." From what has been said we are of the opinion that the action of the trial judge can not be disturbed.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*