The Central Railroad and Banking Co. *v.* Robertson.

92  741
108  149

92  741
126  187
e126  191

Under sections 4696(a) and 4696(c) of the code, the presiding judge may require the official stenographer not only to take stenographic notes of the evidence in civil cases, but to write the same out in longhand for use by the judge, in case he should need the stenographer's report for the purpose of aiding him in examining, revising and approving any brief of evidence which may be presented to him, if there should be further proceedings by motion for a new trial, or otherwise. And where he has not caused the notes to be written out in longhand before a brief is presented, he may do so afterwards, should he deem it necessary in order to test the brief and make it accurate, the expense being subject to his discretion, as provided in section 4696(c). The statute gives the judge no power to require the party moving for a new trial, or his counsel, to make up the brief of evidence from the official stenographer's report, or to produce the report, or a copy of it, to be used in verifying the brief.

January 8, 1894.

Motion for new trial. Before Judge Miller. Houston superior court. October term, 1892.

After verdict for the plaintiff, the defendant company moved for a new trial. The motion was dismissed for want of an approved brief of evidence, the court certifying as follows : " When the cause came on for trial, the court, as is usual, inquired whether counsel desired the evidence taken down by the official reporter. Counsel for plaintiff stated that he did, but counsel for the company replied that he did not, as he had his own stenographer present who would take down the evidence for him. The court thereupon, acting under section 4696(c) of the code, directed the official reporter to report the evidence and charge of the court. When the motion for new trial came on to be heard, movant's counsel presented for revision and approval a brief of the evidence which he stated was not made up from the report of the official reporter, but which he also stated was a correct brief of the evidence introduced on the

trial. The court requested the counsel to present for approval a brief made up from the official report, or at least to furnish the court with the report of the official stenographer of the court, by which the court could revise and correct, if need be, the brief that counsel had presented. The counsel for movant declined to do either; whereupon the court dismissed the motion for want of a brief of evidence that the court could approve. The court stated to counsel at the first presentation of his brief, what was true then and is true now, that the court did not recollect the evidence, not having charged his mind with it and relying nearly entirely upon the report of the official stenographer upon which to approve the brief. The court could not, in justice to the other side, accept as correct a brief made up from the stenographic report made by the private clerk and stenographer of counsel for the movant."

Before the judgment of dismissal was rendered, counsel for the movant insisted that he was not bound to go to the expense of getting a brief of the official stenographer's report, when he already had a brief of the evidence which was correct, which had been filed, and which could be tested at the time ; that it was the duty of the court to examine the brief as presented, and if it were not correct, then to reject it or have it corrected so as to conform to the facts, and if correct, to approve it as a brief.

STEED & WIMBERLY and JOHN R. COOPER, for plaintiff in error. M. G. BAYNE, *contra*.

LUMPKIN, Justice.

The facts necessary to an understanding of the rulings made in the present case will be stated by the reporter. Section 4696(a) of the code makes it the duty of the official reporter, " when directed by the judge, as hereinafter set forth, to exactly and truly record, or

take stenographic notes of, the testimony and proceedings in the case tried, except the argument of counsel." Section 4696(b), as amended by the act of October 12th, 1885, provides for the compensation of reporters for services rendered in criminal cases. Section 4696(c) provides for their compensation for services in civil cases. The last section contemplates that there may be an agreement between counsel for the parties that the evidence shall be recorded; or, in case of disagreement, that the presiding judge may direct the same to be recorded. In the absence of such agreement, it is within the power of the judge to fix the reporter's compensation at a rate not exceeding ten cents per hundred words, and to prescribe the manner in which payment shall be made. Construing together sections 4696(a) and 4696(c), we have no difficulty in reaching the conclusion that the authority of the judge in civil cases is not limited to directing the stenographer merely to take down stenographic notes of the evidence, but we think he undoubtedly has the power to require the stenographer to write the same out in longhand, so that the judge may use the report, if needful, in examining, revising and approving the brief of the evidence which may be presented to him, should there be a motion for a new trial or other proceedings in the case. Nor, is this power of the judge confined to the time when the brief is presented. He may thereafter require the stenographer to write out his report, if this should be necessary in order to enable the judge to test the brief and make it accurate. The report of the testimony and proceedings upon the trial of a case is in no sense a brief of the evidence, and was never so intended. This report may be, and doubtless very often is, quite useful in preparing and verifying a brief of evidence. The parties can, by agreement, have the report made, and arrange between themselves and the stenographer for his compensation.

If no agreement is made, the presiding judge may, of his own motion, direct the stenographer to take down in shorthand the testimony and other proceedings; and he may also, as already stated, prescribe by whom, and what amount, the stenographer shall be paid. If there should be no necessity for writing out the notes in longhand, the judge, in fixing the amount of the stenographer's compensation, would, of course, allow him less than would be allowed in case he should be required to write out his report. It being within the power of the judge to require the testimony and proceedings not only to be taken down, but also to be written out, it is his right to use the stenographer's report in passing upon, correcting and approving the brief of evidence, and in verifying the motion for a new trial. There is no law, however, which requires a party moving for a new trial, or his counsel, to make up a brief of the evidence from the official stenographer's report. It is simply incumbent upon the movant's counsel to prepare and present to the judge a correct brief of the evidence, and in so preparing it he may resort to his own memory, to notes taken by himself, or to any other source, so that the brief he does present for approval be fair and accurate. The presiding judge has no power or authority to require any party to. produce the stenographer's report, or a copy of it, in verifying a brief of evidence. We have already seen that the judge may have the use of such report simply by directing it to be made, without reference to the wishes of the parties.

It follows from the foregoing that the judge erred in declining to examine the brief of evidence tendered by movant's counsel, and consequently, in dismissing the motion for a new trial for want of a brief. The principle of the ruling made in this case will also be applicable to the preparation of a brief of evidence to be inserted in a bill of exceptions where there has been no motion

for a new trial, but where, in reviewing the action of the trial court, a consideration of the evidence is necessary.

*Judgment reversed.*