### Anderson *v.* McLean & Company.

Where, by an order duly passed, the movant in a motion for a new trial was granted a given time in which to file a brief of evidence, there being in the order no limitation as to the time of approving the same, and the brief was actually filed but not approved within the time fixed by the order, it was in the discretion of the judge to approve it afterwards or refuse to do so, and this court will not control him in the exercise of that discretion unless it is manifestly abused.

January 14, 1895.

Motion for new trial. Before Judge Smith. Tattnall superior court. April term, 1894.

The motion was dismissed on the ground, that the brief of evidence was not filed under the approval of the court nor agreed to by counsel within the thirty days provided for in the order of June 2d, 1893. The case was tried at the April adjourned term of the superior court, in 1893. On June 2d, counsel for movant obtained a rule *nisi* returnable on July 8th, or such other time as the judge might fix upon ten days notice; and it was "further ordered, that the movant have thirty

days from the adjournment of this court, within which to prepare and file a brief of the evidence in the case." The date when the court adjourned does not appear. On July 1st, 1893, a brief of evidence was filed, with no entry of approval or agreement as to its correctness. Nothing further seems to have been done until April 7th, 1894, when the court ordered that the motion for new trial be heard before the presiding judge on the 6th day of June next. The order of dismissal appears to have been passed on July 5th, 1894.

I. BEASLEY & SON, by HINES & HALE, for plaintiff in error.   H. J. McGEE, by HARRISON & PEEPLES, *contra.*

SIMMONS, Chief Justice.

The act of 1889 relating to the subject of new trials applies only to those courts which hold longer than thirty days. The law governing new trials for courts which hold for less than thirty days is the same as it was before the passage of that act. Under the old law, an application for a new trial must be made within the term at which the case is tried, and a brief of the evidence must also be filed within the term, under the revision and approval of the court. If there is not sufficient time during the term to make out and file a brief of evidence with the approval of the court, the practice is for the court to allow additional time, in vacation, to do so. This court has held in numerous cases that when this plan is adopted, time is of the essence of the contract, and the applicant must comply strictly with the terms of the order granting him the additional time. It has also held that merely filing a brief, under such an order, is not sufficient; that it must be. approved by the judge within the time prescribed in the order; that such a paper is not a brief without the approval of the judge. Whenever, therefore, additional time has been granted and the paper has been filed without the

approval of the judge, and the motion for a new trial
has been dismissed in the court below for want of such
approval, this court has refused to control the action of
the judge below.   It has likewise·in nearly all the cases
approved his action, when the brief has been filed within
the time allowed and he has approved it afterwards and
refused to dismiss the case for want of approval within
the time prescribed in the order.   There is but one ex-
ception to these rulings that we now remember, and that
is in the case of *Arnold* v. *Hall*, 70 *Ga.* 445, where the
time for the hearing had expired and no order was taken
to continue it on the day it was to have been heard, and
four days after the expiration of the time for the hear-
ing, the judge approved the brief and granted a new
trial.   This action of the court was reversed on the
ground that he had no power to do anything in the case
after the time set for the hearing of the motion had ex-
pired and no order had been taken to continue it or to
set it for another day, the court's action really being
*coram non judice.*   So it will be seen, that this is a matter
which this court leaves largely to the discretion of the
court below, which we cannot control unless it is mani-
festly abused.   We therefore lay down this rule, that in
courts not affected by the act of 1889, *supra,* where a
movant for a new trial obtains an order, which without
more merely allows additional time within which to *file*
his brief of evidence, he must not only file it within that
time, but it must be approved by the court within that
time.   If this is done, no motion to dismiss the motion
for a new trial for want of filing and approval should
prevail.   If, upon·the other hand, the brief has been
filed within the time prescribed by the order but not ap-
proved by the judge, the movant takes the risk of the
judge's refusal to approve.   If he approves it, that is
sufficient, unless his discretion is manifestly abused, and
this court will not interfere with his action in the mat-

ter; if he fails to approve it, this court will not control his discretion. In laying down this rule, we do so, of course, with the belief that trial judges in approving or refusing to approve briefs of evidence will act as upright judges, seeking to do justice between the parties and to injure no one arbitrarily.

These rulings apply likewise to motions for new trials made in courts which hold more than thirty days, when additional time beyond the thirty days is granted the movant within which to file a brief of evidence where none has been filed at all, or when additional time is granted to perfect a brief already filed but which needs something to make it a complete and legal one, other than the judge's approval. In other words, if under the order giving further time there is anything for the movant to do within the time limited by the order and he fails to do it, he cannot as a matter of right insist on further indulgence, but will be subject to the exercise of the judge's discretion, as above set forth. See, in this connection, *Brunswick Light Company* v. *Gale*, 91 *Ga.* 813. *Judgment affirmed.*