THE CENTRAL RAILROAD AND BANKING COMPANY *v.* POOL.

1. The filing of a motion for a new trial together with a brief of the evidence within the time prescribed by the act of November 12th, 1889 (Acts of 1889, p. 83), in a court to which that act is applicable, is sufficient to make the motion, to the extent of keeping it alive and capable of subsisting until the final hearing, a legal and valid one. The approval of the brief of evidence is not indispensable to the vitality of the motion, and may be obtained at that hearing, the movant, of course, taking the chances that the judge may, from want of memory or other cause, be unable then to approve it at all.

2. Accordingly, where a case was tried in the superior court at a term which continued longer than thirty days, and the losing party, during the term and before the expiration of the thirty days, filed a motion for a new trial and a brief of the evidence, the latter "subject to the supervision of the court," and there was a consent order setting the motion down for a hearing at chambers on a day named, the order further providing that the movant have until that time to perfect the brief of evidence and amend the motion, it not appearing, however, that the brief needed anything to make it a perfect one except the final approval of it by the judge, then, although no action whatever was taken upon the motion on the day specified in the order, it was error at a subsequent term to dismiss the motion on the ground that, because the brief was not approved within the time fixed by the order, and no extension of time had been then granted for that purpose, it was too late to obtain an approval of the same.

3. The motion was amendable at the hearing; but as the judge then presiding was not the judge before whom the case was tried, it was incumbent on the movant to produce satisfactory evidence of the truth of any recitals of fact in the amendment offered, before he would be entitled to have the same approved.

February 27, 1895.

Motion for new trial. Before Judge GRIGGS. Bibb superior court. November term, 1893.

STEED & WIMBERLY and JOHN R. COOPER, for plaintiff in error.

W. DESSAU, A. L. MILLER and C. L. BARTLETT, *contra.*

LUMPKIN, Justice.

1, 2. A case was tried in the superior court on February 13th, 1893, during a term which continued longer

than thirty days, resulting in a verdict for the plaintiff. During the term, and before the expiration of the thirty days, the defendant filed a motion for a new trial and a brief of the evidence. Upon the latter was an entry, signed by the judge, in these words: "This brief of evidence subject to the supervision of the court." On the day the motion for a new trial was filed, it was duly entered on the motion docket, and a consent order was passed setting the motion down for a hearing at chambers on April 24th, 1893, and providing that the movant have until that time to perfect the brief of evidence and amend the motion. So far as appears, the brief of evidence needed nothing to make it a perfect one, except the final approval of it by the judge. On the day last mentioned, no action of any kind was taken on the motion. Afterwards, the judge before whom the case was tried resigned his office, never having approved the brief of evidence. The judge of the court in which the case was tried was disqualified. He called the motion one or more times and simply passed it; and with this exception, no action was taken upon it until January 12th, 1894, although in the meantime the judges of other circuits had, at different times, presided in that court in his stead. On the day last mentioned, the successor in office of the judge who had resigned was presiding in that court, and announced that this motion would be in order for a hearing on the next day. The hearing, however, did not take place until January 22d, 1894. On that day, movant tendered to the counsel for respondent in the motion an amendment to the motion, and also, for their approval preliminary to submission to the judge for final approval, the above mentioned brief of evidence. Thereupon, counsel for the respondent moved to dismiss the motion for a new trial, on the grounds, "that said motion for a new trial was set down to be perfected, heard and determined at chambers, the 24th day of

April, 1893, and no order was taken at said date continuing or keeping alive said motion, or extending the time within which the brief of evidence could be perfected by counsel and approved by the court and that the motion for a new trial not being completed, and the brief of evidence not being approved and filed as an approved brief of evidence within the time fixed by the order, and no extension being provided for, the brief of evidence could not now be approved, and the motion must be dismissed." Counsel for respondent also objected to the allowance of the amendment offered to the motion for a new trial. The court refused to allow any amendment, and sustained the motion to dismiss the motion for a new trial.

Under the facts above set forth (the recital of other facts deemed immaterial being omitted), it was, in view of the provisions of the act of November 12th, 1889 (Acts of 1889, p. 83), error to dismiss the motion for a new trial on the grounds stated. In a court to which that act is applicable, the filing of a motion for a new trial together with a brief of the evidence within the time prescribed, is sufficient to make the motion, for the purpose of keeping it alive till the final hearing, a valid and legal one. The approval of the brief of evidence is not indispensable to this purpose, and may be obtained after the time for filing has expired. *King* v. *Sears*, 91 *Ga.* 577. In such case, however, the movant must, of course, take the chances that the judge may, from want of memory or from other causes, be unable to approve the brief at all. See, in this connection, *Watson* v. *Long et al.*, 94 *Ga.* 255, and *Hinson* v. *Guckenheimer* (*post*), decided October 22d, 1894.

In *W. & A. R. R. Co.* v. *Johnson*, 59 *Ga.* 626, it was held that where a party, instead of pursuing the course prescribed by law in relation to new trials, entered into a consent order to file an approved brief of the evidence

within a given time, he must abide by his contract; and that if the brief was not presented for approval within the time fixed by the order, it was not error to dismiss the motion for a new trial. In *Pease* v. *Pease*, 66 *Ga.* 277, a similar ruling was made. It appeared in that case that the brief was filed within the time prescribed by the consent order, but was not presented to the judge for approval until several months after the prescribed time had elapsed. The judge dismissed the motion for a new trial, apparently doing so without being moved thereto by counsel for the respondent. It is also worthy of note that counsel for both parties sent to the judge what purported to be briefs of the evidence, with a request that he approve the movant's brief of evidence, and then decide the motion upon the written argument submitted. It is quite probable that the refusal of the judge to approve the brief of evidence was due to the fact that he did not remember, after the lapse of time which had intervened, what the evidence was, and found it impossible to decide between the conflicting briefs. At any rate, this view is suggested by Chief Justice BLECKLEY in *Moxley* v. *Kinloch,* 80 *Ga.* 46.

It was insisted in the case now under consideration, that the movant had bound himself by a consent order to have his brief of evidence approved on or before the 24th of April, 1893, and as he did not do so by that day, his motion for a new trial ought to have been dismissed. The two cases last cited were relied on in support of this contention. It will be observed that in the first of these cases, the brief of evidence was not even filed within the time limited; and in the second, it was not held that the judge was bound to dismiss the motion for a new trial, but simply that he was justified in doing so under the circumstances. Again, it must be remembered that both of these cases were decided before the passage of the above mentioned act of 1889, which, as already

stated, does not require the approval of the brief of evidence during the time within which it must be filed. Besides, in each of these two cases, it affirmatively appeared that there was something to be done by the movant in order to give validity to his motion. In the present case, it does not appear that the movant had anything whatever to do in order to make his brief of evidence a complete one, except to obtain the final approval of the judge. It is true this brief was filed "subject to the supervision of the court," and the consent order does recite that the movant have until the time specified to "perfect" it; but after all, so far as the record discloses, it only needed the judge's approval to make it perfect. So we do not think the cases of the *W. & A. R. R. Co.* v. *Johnson,* and *Pease* v. *Pease, supra,* are controlling authorities upon the question at issue.

If the trial judge had seen proper to refuse to approve the brief of evidence, and had dismissed the motion for a new trial for the want of such approval, this court would not have controlled his action in the premises. See the opinion of SIMMONS, C. J., in *Anderson* v. *McLean & Co.,* 94 *Ga.* 798. In the case now under review, however, the movant was not allowed the opportunity of obtaining from the judge who was presiding at the final hearing of the motion his approval of the brief of evidence. It would seem that the counsel were about to submit the brief to the judge for approval, when the motion to dismiss was made; and the real ground of that motion was, that because the brief was not approved by the 24th day of April, 1893, and no further time had been then granted for that purpose, it was too late to ever afterwards obtain an approval of the same. This motion was sustained, and the judge therefore did not pass, nor attempt to pass, upon the question whether the brief was a correct one or not, but, by summarily sustaining the motion to dismiss, cut the movant off from showing,

in any proper way at his command, that the brief presented was in fact a true and correct one.

After reviewing and considering all the cases bearing upon the subject, we have reached the conclusion that that this action by the judge was erroneous. The motion for a new trial in this case might have been dismissed for want of prosecution on the day last named, but as it was not so dismissed on that day, we think it went over to the next term of the court as a living motion, capable of subsisting from term to term; and at the final hearing, the judge ought first to have determined whether or not he could properly approve the brief of evidence accompanying the motion. If he found he could do so, the motion would have been in order for a hearing on its merits. If he found he could not approve the brief, and had then dismissed the motion for want of such approval, the question would have been materially different from that now presented.

3. We also think, in view of the facts above stated, that the judge should have given the movant an opportunity to satisfy him that the recitals of fact in the amendment offered to the motion for a new trial were correct; and if so satisfied, the judge ought to have allowed the amendment.          *Judgment reversed.*