### 2905. McCONNELL v. THE STATE.

1. For the reasons stated in the opinion, the court erred in dismissing the motion for a new trial.
2. There was no abuse of discretion in refusing to declare a mistrial.

DECIDED OCTOBER 14, 1910.

Accusation of misdemeanor; from city court of Carrollton— Judge Beall. June 4, 1910.

*H. W. Nalley,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.

HILL, C. J. McConnell was convicted of selling intoxicating liquors in violation of the prohibition law. On June 7, 1910, during the term at which he was tried, he filed a motion for a new trial, on the general grounds. Service of this motion was duly acknowledged by the solicitor, and an order taken during the term, setting the hearing of the motion for June 27, 1910, which was in vacation. On the day set the hearing was postponed by an order until June 29, and on the latter date an order was taken continuing the case until July 1. In the first order setting a day in vacation for the hearing, it was further ordered that "the movant have until the hearing, whenever it may be, to prepare and present for approval and filing a brief of the evidence in the case, and the presiding judge may enter his approval thereon at any time, either in term or vacation; and if the hearing of the motion shall be in vacation, and the brief of the evidence has not been filed in the office of the clerk of said court before the date of the hearing, said brief of evidence may be filed in said office at any time within ten days after the motion is heard and determined." For providential cause, the motion was not heard on July 1, but was postponed until July 4, by agreement of counsel. On June 29 the movant filed with the clerk of the court his brief of the evidence in the case. When the motion for new trial was called on July 4 the solicitor moved to dismiss it on the ground that a correct brief of the evidence was not filed in accordance with the stenographic report of the evidence on the trial of the case. The attorney for the movant then moved the court to approve the brief of the evidence which he had filed in the clerk's office on June 29; and if such approval could not be had, he moved the court to postpone the case in order to give counsel further time to secure the evidence from the stenographer's report. The court refused to allow the movant further time, and granted an order dismissing the motion for a new trial. This order states that, "the movant failing to present a correct brief of the evidence, for filing and approval by the court, and the solicitor and movant having failed to agree on the brief of the evidence in said case, the movant insisting that the brief presented for approval was a correct brief of the evidence, and the solicitor insisting that the same was not a correct brief, and the brief presented being, in the opinion of the court, incorrect and not a true and correct

brief of the evidence adduced on the trial of the case, . . the motion is hereby dismissed, the said case having been reported by a stenographer, and movant failing to present his report thereof."

The bill of exceptions recites, that a negro witness, who had been "sent to the room" in compliance with a request to separate the witnesses, "came running in from the witness room and across the court-house to the opposite side where the solicitor was then engaged in the trial of this case against the defendant, and cried. out that he 'could not remain in that room with them white folks;' that he was 'going to swear the truth in the case,' and was very much excited, indicating that threats had been made in the jury room over what he was to testify;" that the trial was temporarily stopped on account of the excited condition of the court-room, and the judge ordered the sheriff to send the witness back to the room, in the custody of an officer to protect him. On account of this interruption of the trial, the defendant, through his counsel, moved the court to declare a mistrial; the motion was overruled, and exceptions pendente lite to this ruling were duly preserved.

We think the court erred in dismissing the motion for a new trial. When the attorney for the movant and the solicitor could not agree as to the correctness of the brief which had been timely filed by the attorney for the movant, it was the duty of the judge to revise and correct the brief which had been filed, or indicate the corrections to be made, unless it appeared that he could not do so, from failure of memory on account of lapse of time. The brief had been filed within the time required by the order of the court, and the time for obtaining the approval of the court to the brief had not expired. The judge, in his order dismissing the motion for a new trial, does not state that he could not correct and approve the brief on account of failure of memory, but simply recites that counsel could not agree on the brief, and states generally that in the opinion of the court the brief as filed was incorrect. He does not state in what particulars the brief was incorrect; and it must be assumed that he could have done so (as he states that it was incorrect), in the absence of any statement by him that, although he knew the brief was incorrect, he could not remember in what particulars. Refusal to approve the brief which had been filed and presented for approval by the

attorney for the movant within the prescribed time, because the brief as presented and filed was incorrect, was not fair to the movant's counsel, unless his attention had been called to the particulars in which the brief was incorrect and an opportunity given him to make the correction. In no case is it the duty of counsel for the movant to present the stenographer's report of the evidence. He was not required by law to do so, and the judge had nò power to require the movant to make up the brief of evidence from an official stenographic report, or to produce the report or a copy of it, to be used in verifying the brief. *Central R. Co.* v. *Robertson,* 92 *Ga.* 741 (18 S. E. 986). If the judge had deemed it necessary to have a full stenographic report written out to aid him in ascertaining whether all the material evidence was embraced in the brief as presented to him, he could have required it. *Price* v. *High,* 108 *Ga.* 145 (33 S. E. 956). But he certainly could not dismiss the motion because the brief of evidence was not made up from the official stenographer's report. We think that the court should not have dismissed the motion for a new trial for the reasons stated in his order; but, on the contrary, there should have been some effort made on his part to correct and approve the brief as filed and presented by the movant.

2. The incident recited in the bill of exceptions as having occurred during the trial was not sufficient, in our judgment, to require a mistrial. It does not appear how the plaintiff in error was injured by the conduct of this witness; nor does it appear that the witness subsequently testified.      *Judgment reversed.*