### 3324. MARTIN *v.* MENDEL.

The decision in this case is controlled by the rulings of the Supreme Court in *Williams v. Johnston,* 94 *Ga.* 722 (19 S. E. 888), *Anderson v. McLean,* 94 *Ga.* 798, 801 (22 S. E. 302), and *Gwinn v. Almand,* 110 *Ga.* 318 (35 S. E. 150). When more than a year had elapsed since the filing of a motion for a new trial, there was no abuse of discretion in dismissing it on the ground that no brief of evidence had been filed, though it appeared that at the time first set for the hearing of the motion, counsel for the movant presented to and left with the trial judge a paper which purported to be a brief of the evidence, it appearing that it was not approved as such by the judge, because it was not correct, and it further appearing that the court had several times continued the hearing in order to enable the movant to correct the brief, or to agree thereon with opposing counsel, and that the judge, on account of the lapse of time, was unable to remember the evidence. It would in any event be fruitless to reverse the judgment dismissing the motion for new trial; for if the trial judge does not remember the testimony, the brief of evidence can not be approved, and without it the motion is so incomplete as to be absolutely nugatory.

> DECIDED JANUARY 30, 1912.

Motion for new trial; from city court of Monroe—Judge Stone. January 10, 1911.

*W. O. Dean,* for plaintiff in error. *Orrin Roberts,* contra.

27

RUSSELL, J. The sole question presented by this writ of error is whether the trial judge erred in dismissing the motion for new trial upon the ground that no brief of the evidence had been filed as required. It appears that a judgment was entered in favor of Mendel against Martin on January 7, 1910. A motion for new trial was made, and the court thereupon passed an order providing that the movant should have until the hearing to prepare and present for approval a brief of the evidence, and that the judge might enter his approval upon the brief of evidence at any time in term or in vacation. The time set for the hearing of the motion for new trial was January 20, and on that day the movant presented what he claimed to be a correct brief of the evidence adduced upon the trial. The judge declined to approve the brief, holding that it was incorrect, and the case was duly continued until January 27, when, the judge not being present, the hearing went over to the next regular April term of the court. It was thereafter continued from time to time until the 10th of January, 1911, when a motion of the plaintiff's counsel to dismiss the motion for a new trial was sustained by the court, in the following order: "On hearing the foregoing motion to dismiss movant's motion for new trial, and it appearing that counsel can not agree upon a brief of the evidence in the case, and the court not being able to remember the evidence at this time, [owing] to the great lapse of time since said case was tried and the amount of business disposed of by the court, it is therefore ordered and adjudged by the court that said motion to dismiss be, and the same is, hereby sustained, and the motion for new trial dismissed." The plaintiff in error excepts to the order dismissing the motion for new trial, and urges that, under the plain provisions of the code, it was the duty of the judge, if the movant's brief was not correct, to correct and approve it; that after a lapse of several months the court can not refuse to approve a brief of the evidence on the ground that counsel can not agree to it and that the court does not remember the evidence; that if the court could do this, the motion for a new trial in any case could be dismissed at the will of the judge by his mere refusal to approve the brief of evidence.

The history of the case is to be found in the judge's explanatory note to the bill of exceptions, and we can not go anywhere else to ascertain the truth as to what occurred antecedent to the motion

for new trial. The qualifying statement of the judge in certifying the bill of exceptions is as follows: "On January 20th, the day set for the hearing of the motion, counsel for both parties appeared, but had not agreed upon the brief of the evidence. They could not then agree upon it. The court then read over the brief presented by movant, and could not approve the same, because it was not correct. At the request of both counsel, an order was passed setting the hearing for January 27th, in order to give counsel an opportunity to agree upon a brief—all of the papers in the case then being handed back to counsel for movant. I may have been absent on the 27th, but several times thereafter I urged both counsel to try to agree upon a brief, and upon such parts of it that they could not agree the court would settle the differences, and hear the motion any day they agreed on. Counsel for movant took the position that as the 27th had passed and no order was taken setting the hearing for a later date, the case could not be heard except at a regular term of the court. At the regular April term of the court counsel for movant complained of being unwell and did not appear with the motion, and no order was then taken in the matter. Thereafter the court again urged counsel to dispose of the motion while the facts in the case were comparatively still fresh in the mind of the court. During all of this time the papers in the case were not in my hands. On April 28 counsel for Mendel drew an order for the court's signature setting the hearing for the next day. The court did not sign this order, for the reason that it was reported to him that movant's counsel would not agree to any day except at a regular term of the court. In the meantime counsel for Mendel presented to the court a brief containing his contention as to the evidence. The court refused to approve it, for the same reason it refused to approve movant's brief,—it was not true and correct. The papers were then left in my office until some time after the July term of the court, when they were again taken out by movant's counsel, with the understanding that counsel would get together and try to agree on a brief of the evidence. I do not now remember why the motion was not heard at the July term of the court, but I do know that counsel made no effort to have it heard, nor took any order for its hearing in the future. At the October term the court, of its own motion, called the case and asked if counsel had yet agreed on a brief; they answered that they had not; whereupon

the court, by consent of both counsel, orally set the motion for a hearing the next day in my office. Counsel for Mendel appeared at the hour set, but counsel for movant failed to appear. The court then again set the hearing for 2 o'clock in the afternoon and requested counsel for Mendel to notify movant's counsel. At the appointed time counsel for Mendel again appeared, and reported that he had notified counsel for movant. The court waited all day, but movant's counsel never did appear. At the January term, 1911, the court again called the case. Counsel for both parties then stated that they had not agreed upon a brief of the evidence and could not agree. At the request of counsel for movant, I then took up the evidence with counsel, but found that they could not agree on material parts of it, and on account of the length of time intervening since the trial of the case, and the great number of cases tried, and other business disposed of by the court in the meantime, I was totally unable to remember the evidence. I knew that the brief originally presented by movant was not correct, but in what particulars I could not then remember, and for that reason could not approve a brief. The court therefore sustained the motion to dismiss the motion for new trial, for the reasons therein mentioned. All of the papers in the case were in the possession of movant's counsel from the time the original motion for new trial was filed until some time after the April term of court, and again from some time after the July term, 1910, to the January term, 1911, but no other brief of the evidence was ever presented to the court by movant's counsel for the court's approval, except the first one, which the court then could not approve as being correct."

From the statement of the judge it appears that the real ground upon which the motion was dismissed was that the court, after the long lapse of time, could not remember the evidence so as to approve the brief. Of course, it followed that if there was no brief, there could not be a motion for a new trial; and, the motion being defective, there was no error in dismissing it. After reading the statement of the judge we can not say that he abused his discretion in dismissing the motion. It is well settled that in a case like the one at bar the approval or disapproval of the brief of evidence is a matter of discretion, and it does not appear that the plaintiff in error would gain any advantage in a case like this if the reviewing court should hold that the lower court had abused its discretion.

We could not order a new trial, because the judge has not passed upon the motion. We could not direct him to approve the brief of evidence as presented, because it is not correct. We could not require him to correct it, because he does not remember what the evidence was. If in a case such as that now before us the reviewing court should hold that the judge abused his discretion because the long delay which caused the lapse of memory was due to his laches, and should reverse his judgment of dismissal of the motion, thereby directing the judge to use his discretion in approving the brief and in passing upon the motion, we would move in a circle, because the judge does not remember the evidence, and no matter to whom fault for the delay is to be charged, the brief can not be approved nor the motion perfected. This would seem to be a case of a right without a remedy; because, in our view of it, where a brief of evidence is presented to the judge any time within the terms of the order of the court, it would seem that counsel for the movant has done all that is required of him under the provisions of the Civil Code (1910), §§ 6089, 6090, 6093. There is no requirement that counsel for the movant for new trial should agree to the brief of evidence with his adversary. The statute says it is to be approved by the judge, and it would seem that where a bona fide effort has been made to prepare a correct brief of the evidence, and such a brief is timely presented to the court, the judge should himself correct any errors he may detect, or at least call the attention of movant's counsel to these errors, and, after pointing them out, require counsel to correct them. There is, to our minds, a striking analogy, so far as the duty of the judge in this regard is concerned, between the approval of the brief of evidence in a motion for a new trial and the certifying of a bill of exceptions. However, with relation to the approval of the brief of evidence there is no statutory provision similar to that which requires a judge, upon the presentation to him of an incorrect bill of exceptions, to return it and, pointing out specifically the errors to be corrected, require the correction within a reasonable time of the errors pointed out by him. It is true, as insisted by counsel for the plaintiff in error, that under this view of the law, a judge can absolutely deprive a litigant of his rights, by refusing to approve a brief of evidence, or to point out the defects in it, until such lapse of time has occurred that the judge, not being able to remember the testimony,

can not approve any brief in the case. And yet the same thing is true as to grounds of a motion for new trial which may not be based upon the evidence at all, but relate to the errors in the charge, injurious conduct of the judge, or a variety of matters which may affect the trial. As to each of these the discretion of the judge to approve, or to refuse to approve, any or all of the grounds of the motion for new trial is unconditional and uncontrollable. The judge can not be required to approve the statements of the grounds of a motion for new trial, however vital they may be to the movant's rights. The law leaves the exercise of the judge's discretion as to such matters solely in his hands; and, without any reference to the judge who presided in the case now before us (and whom the writer knows to be absolutely honest, impartial, and just), we might repeat the old jest, that the only remedy for the wrong, if any is committed, is to get another judge at the expiration of the incumbent's term. *Judgment affirmed. Pottle, J., not presiding.*