### 5163.  BUGG v. THE STATE.

### 5164.  WYATT v. THE STATE.

1. There is no law that requires one moving for a new trial to make up a brief of the evidence from the official stenographer's report; and when the movant's counsel presents a brief of the evidence for the approval of the court, it is for the judge to approve or reject it, and it is immaterial whether counsel for the opposite party agrees to the brief, or can recollect the testimony, or approves the statement thereof. "The law does not require the approval of the brief of evidence by opposing counsel. He has nothing to do with it. The law requires the brief to be approved by the trial judge only."

2. On presentation of an incorrect brief of evidence the trial judge may require that it be corrected, and upon the movant's failure or refusal to correct it the judge may refuse to approve it, but before refusing on the ground that the brief is incorrect, he should call attention to the particulars in which it is incorrect and afford the movant an opportunity to correct it.

3. The trial judge may for himself require the notes of the official stenographer to be written out at the public expense for comparison with the brief of evidence as presented by the movant for a new trial, and to aid in refreshing the court's recollection of the testimony, but he has no power to require the movant to make up a brief of evidence from the report of the official stenographer, or to produce the report, or a copy of it, to be used in verifying the brief.

DECIDED OCTOBER 28, 1913.

Certiorari; from Morgan superior court—Judge James B. Park. August 13, 1913.

*M. C. Few,* for plaintiffs in error.

·*J. E. Pottle, solicitor-general, A. G. Foster, solicitor,* contra.

RUSSELL, J.  The point presented in these cases is very similar to that involved in *McConnell* v. *State,* 8 *Ga. App.* 394 (69 S. E. 120). The defendants in the court below were convicted of a misdemeanor—selling crops that were under mortgage liens—and, though the two cases do not involve the same transaction, the cases can properly be considered together, because each relates to the dismissal of the defendant's motion for a new trial. Both defendants moved for a new trial July 15, 1913, and the hearing was set for July 21. The motions were regularly continued until July 28, and then by consent were continued until August 1, on which date they were taken up for hearing. As appears from the order of the trial judge, the continuances were granted for the purpose of affording counsel for the movant time to prepare and present a brief of the evidence. At the hearing counsel for the movants presented in

each case what appears to be a quite full brief of the evidence therein, but the judge declined to approve either brief, and, upon motion of the State's counsel, dismissed the two motions for new trial. The movants sought to have this judgment reviewed by certiorari, but the judge of the superior court refused to sanction the petition in either case, and exception is taken to the refusal to sanction.

We think that the judge of the superior court should in each case have sanctioned the certiorari upon the allegations of the petition with reference to the dismissal of the motion for new trial upon the ground that the movant had failed to present a correct brief of the evidence. It is true that in the case of Bugg the reason for the dismissal does not so plainly appear from the order of the judge as in the case of Wyatt; but the reason for the dismissal is made equally plain by the averments of the petition, and these must be accepted by the judge of the superior court as true until the coming in of the answer. *Linder* v. *Renfroe,* 1 *Ga. App.* 58 (57 S. E. 975). In Wyatt's case the order of the judge is quoted as follows: "The within motion for a new trial having been set for hearing on the 21st day of July, 1913, and, there being no brief of evidence by counsel in this case on said date, the hearing of this motion was continued by consent of counsel until July 28, for the purpose of preparing and presenting a brief of evidence in said case, and for the same reason the said motion was not heard on July 28. The same came on this date to be heard by consent of parties. There being no correct brief of evidence presented by counsel for movant, it appearing that the case had been reported by the official stenographer of this court and no effort had been made by movant's attorney to get a brief of evidence based on said report, on motion of the solicitor of this court this motion is dismissed, on the grounds that no correct brief of evidence is presented or made in this case, and no such brief as he could agree to had been presented. This August 1st, 1913... K. S. Anderson, Judge city court of Madison."

From this order, as well as from the recitals of the petition for certiorari and the assignments of error contained therein, it is plain that the trial judge dismissed the motion for new trial because the movant's counsel had not procured a transcript of the stenographic report of the official stenographer, and because for this reason the solicitor of the city court would not agree to the brief

of the evidence as presented by counsel for the movant. It does not appear, from the petition for certiorari, that the judge of the city court could not remember the testimony, and for this reason was unable to correct the brief, nor does it appear that the court called the attention of the movant's counsel to those particulars wherein the brief of evidence was incorrect, and that counsel refused to correct it in accordance with the recollection of the court. If the judge had stated in the order that he was unable to remember the testimony delivered on the trial (*Martin* v. *Mendel,* 10 *Ga. App.* 417, 73 S. E. 620), or even if he had stopped with the statement that he declined to approve the brief because it was incorrect, nothing would be presented for review. It seems plain to us, however, from a reading of the order, that the dismissal of the motion was based upon the fact that the solicitor of the city court would not agree to the brief as presented, and the movant's counsel had not procured a transcript of the stenographic report of the official stenographer. As was held by the Supreme Court in *Price* v. *High,* 108 Ga. 149 (33 S. E. 957), "the law does not require the approval of the brief of evidence by opposing counsel. He has nothing to do with it. The law requires the brief to be approved by the trial judge only. It may be necessary for him to have a full stenographic report written out, in order to ascertain whether the material evidence is all embraced in the brief of evidence presented to him. This he can require. *Central R. Co.* v. *Robertson,* 92 *Ga.* 741 [18 S. E. 986]. If a brief of evidence containing only the material facts should be presented to a trial judge and he refuse to approve it, a bill of exceptions would lie to this refusal."

In *Central R. Co.* v. *Robertson,* supra, as in other cases, it was held that the judge has no power to require the party moving for a new trial, or his counsel, to make up a brief of evidence from the official stenographer's report, or to produce the report, or a copy of it, to be used in verifying the brief. The real question, when a brief of evidence is presented within the time allowed by the court for that purpose, is whether the brief is a correct statement of the material testimony delivered upon the trial. If it is, it should be approved regardless of the views of the opposing counsel. If it is not correct the judge should point out to counsel for the movant those particulars wherein it is incorrect or defective, and afford an opportunity for the correction required by the court. It would not

be fair to the movant to state in a general way that the brief is incorrect, without pointing out wherein it is incorrect. Of course, if counsel declines to make the required corrections, the court should refuse to approve the brief, unless, by reason of the fact that the court's recollection has been refreshed, the court remembers the fact in question to be as stated by counsel for the movant; and of course, in cases like those of *Martin* v. *Mendel,* supra, *Williams* v. *Johnson,* 94 *Ga.* 722 (19 S. E. 888), *Anderson* v. *McLean,* 94 *Ga.* 798 (22 S. E. 302), and *Gwin* v. *Almand,* 110 *Ga.* 318 (35 S. E. 150), where by reason of lapse of time the judge is unable to remember the testimony, he may properly decline to approve the brief of evidence as presented; and in such a case dismissal of the motion for new trial would follow. In *McConnell* v. *State,* 8 *Ga. App.* 396 (69 S. E. 121), this court said: "Refusal to approve the brief which had been filed and presented for approval by the attorney for the movant within the prescribed time, because the brief as presented and filed was incorrect, was not fair to the movant's counsel, unless his attention had been called to the particulars in which the brief was incorrect and an opportunity given him to make the correction. In no case is it the duty of counsel for the movant to present the stenographer's report of the evidence. He was not required by law to do so, and the judge had no power to require the movant to make up the brief of evidence from an official stenographic report, or to produce the report or a copy of it, to be used in verifying the brief. *Central R. Co.* v. *Robertson,* supra. If the judge had deemed it necessary to have a full stenographic report written out to aid him in ascertaining whether all the material evidence was embraced in the brief as presented to him, he could have required it. *Price* v. *High,* supra. But he certainly could not dismiss the motion because the brief of evidence was not made up from the official stenographer's report. We think that the court should not have dismissed the motion for a new trial for the reasons stated in his order; but, on the contrary, there should have been some effort made on his part to correct and approve the brief as filed and presented by the movant." *Judgment reversed.*