### 14747.  TOMPKINS *v.* HARDISON *et al.*

JENKINS, P. J.  1.  "A brief of the evidence must be filed by the movant with the motion to reinstate a case in which a nonsuit has been awarded and the case dismissed for want of sufficient evidence."  *City of Atlanta* v. *Jenkins*, 137 *Ga.* 454 (2) (73 S. E. 402); *City of Atlanta* v. *Miller*, 125 Ga. 495 (54 S. E. 538).  Such an approved brief of evidence, as in a motion for new trial (*Taylor* v. *Tanner*, 143 *Ga.* 18, 84 S. E. 68), is an indispensable part of such a motion to reinstate; and if the brief is not prepared and presented by the movant as provided

in the orders for hearing, the motion to reinstate may be properly dismissed on motion.

2. "On presentation of an incorrect brief of evidence the trial judge may require that it be corrected, and upon the movant's failure or refusal to correct it the judge may refuse to approve it, but before refusing on the ground that the brief is incorrect, he should call attention to the particulars in which it is incorrect and afford the movant an opportunity to correct it." *Bugg* v. *State*, 13 *Ga. App.* 672 (2), 674, 675 (79 S. E. 748); *McConnell* v. *State*, 8 *Ga. App.* 394, 396, 397 (69 S. E. 120); *Martin* v. *Mendel*, 10 *Ga. App.* 417, 421 (73 S. E. 620). The trial judge may avail himself of the official stenographic report, or of an oral reading of the evidence by the stenographer from his notes. "There is no law, however, which requires a party . . or his counsel to make up a brief of the evidence from the official stenographer's report. It is simply incumbent upon the movant's counsel to prepare and present to the judge a correct brief of the evidence, and in so preparing it he may resort to his own memory, to notes taken by himself, or to any other source, so that the brief he does present for approval be fair and accurate." *Central R. Co.* v. *Robertson*, 92 *Ga.* 741, 744 (18 S. E. 986); *Edmonds* v. *State*, 122 *Ga.* 728, 730 (50 S. E. 936); *Watson* v. *Dampier*, 148 *Ga.* 588 (3) (97 S. E. 519). "Abridgment and condensation are as essential to the legality of a brief of the evidence as is the approval of the trial judge." *Albany Ry. Co.* v. *Wheeler*, 6 *Ga. App.* 270 (1) (64 S. E. 1114). "If a brief of evidence containing only the material facts should be presented to a trial judge and he refuse to approve it, a bill of exceptions would lie to this refusal." *Price* v. *High*, 108 *Ga.* 145, 149 (33 S. E. 956).

3. In the instant case, where it appears that the movant had made a bona fide effort to prepare a correct brief of the evidence, that it was timely presented to the court for approval, and submitted to opposing counsel, that counsel for the movant at the hearing stated that "he stood ready to make any corrections pointed out by the court or counsel for the defendant, and had made all that had been pointed out by either," and had previously advised the court that a brief made up by the official stenographer from his notes would not be used, for the reason that the movant was financially unable to pay for the same; that the official stenographer who reported the case was present at the hearing, and testified that, while a brief of evidence made by himself would take 15 double-spaced pages instead of the four single-spaced pages comprising the brief of the movant, he had not read the movant's brief, that his shorthand notes were in court, that he had previously read them to opposing counsel "at his request," and "had as soon read them to the court," and that "the court and counsel in the case could by having . . [him] read these notes now correct the brief if there is any incorrectness in it," it was error to dismiss the motion to reinstate the case, without pointing out to the movant wherein his brief was incorrect or deficient, and affording him then and there opportunity to correct or amend the same.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 27, 1923.

Action for breach of contract; from city court of Dublin—Judge Sturgis.  June 8, 1923.

*S. P. New,* for plaintiff.

*Adams & Camp,* for defendant.