## 20715.  NIXON *et al. v.* GROWERS FINANCE CORPORA-TION.

DECIDED FEBRUARY 14, 1931.

*Emmett Smith,* for plaintiffs in error.   *Samuel J. Boykin,* contra.

JENKINS, P. J.   1.   (After stating the foregoing facts.)   Since the petition for certiorari was presented more than thirty days after the trial and more than thirty days after the ruling on the demurrer to the answer of the defendants, the only question to be determined is whether the judge of the superior court erred in reversing the judgment dismissing the motion for a new trial.

2.   "Upon the trial of a certiorari case, it is to the answer of the magistrate, or judge of the lower court, and not to the petition for the writ of certiorari, that the superior court must look, in order to ascertain what occurred upon the trial of the case below.   If the answer is not full enough, the plaintiff in certiorari, by pursuing the course provided by law, can have it perfected.   If the plaintiff desires to controvert any statement contained in the answer, his remedy is to traverse the truth of the same."   *Knowles* v. *Coachman,* 109 *Ga.* 356, 358 (34 S. E. 607) ; *Ethridge* v. *Taylor,* 36 *Ga. App.* 609, 610 (137 S. E. 641).

3.   "On presentation of an incorrect brief of evidence the trial judge may require that it be corrected, and upon the movant's failure or refusal to correct it the judge may refuse to approve it, but before refusing on the ground that the brief is incorrect, he should call attention to the particulars in which it is incorrect and afford the movant an opportunity to correct it."   *Bugg* v. *State,* 13 *Ga. App.* 672 (2), 674 (79 S. E. 748) ; *McConnell* v. *State,* 8 *Ga. App.* 394, 396 (69 S. E. 120) ; *Martin* v. *Mendel,* 10 *Ga. App.* 417, 421 (73 S. E. 620) ; *Tompkins* v. *Hardison,* 31 *Ga. App.* 276 (2) (120 S. E. 556).   In the instant case it appears from the answer of the trial judge that upon a brief of the evidence being presented, and a disagreement arising between counsel as to the testimony of a particular witness, the judge stated to movant his recollection of the testimony upon the particular point, which was contrary to that embodied in the brief of evidence presented, and "called his atten-

tion specifically to this difference in his [the judge's] recollection and the way counsel had it," and postponed the case for another hearing, in order that the brief might be perfected; that on the second hearing counsel for movant presented another brief embodying the disputed testimony substantially as originally presented, whereupon the court again called movant's attention to the incorrectness of the brief on the same particular point, and again stated his recollection as to what such testimony actually was, but "still counsel for movant did not make any effort and did not correct his brief in accordance therewith," and the brief was not approved. Several days thereafter, on the hearing of a rule nisi to dismiss the motion for a new trial, a third brief was submitted, which still did not contain the disputed testimony as the court had previously stated his recollection to be, whereupon the motion for new trial was dismissed. Applying the rule stated above to the facts of the instant case, since it appears that the trial judge did not fail to point out to the movant wherein his brief was incorrect or deficient, and did not fail to afford him ample opportunity to correct or amend the same, it was not error on the part of the trial court to dismiss the motion for a new trial on the rule nisi hearing, and, consequently, the judge of the superior court erred in sustaining the certiorari and remanding the case to the judge of the trial court for the purpose of doing that which appears to have been done already.   *Judgment reversed. Stephens and Bell, JJ., concur.*