22362. CAMP *v.* CURRY-ARRINGTON COMPANY.

DECIDED NOVEMBER 8, 1932.

*Porter & Mebane,* for plaintiff.

*Maddox, Matthews & Owens,* for defendant.

SUTTON, J. R. C. Camp brought suit against the Curry-Arrington Company. The jury trying the case returned a verdict for the defendant. The plaintiff filed a motion for a new trial. On March 9, 1932, plaintiff filed in the office of the clerk of the trial court a brief of the evidence in the case. The motion for a new trial came on for hearing on March 18, 1932, at which time the plaintiff presented to the court, for approval, the brief of evidence filed on March 9, 1932. Counsel for plaintiff stated to the court that because of the poverty of the plaintiff it was impossible to procure from the official stenographer a transcript of the evidence adduced on the trial, but that counsel for the plaintiff had taken notes of the material parts of the testimony of all the witnesses as they testified, and from these notes had made out and filed a true and correct brief of evidence, and that counsel had furnished counsel for the defendant with a copy of this brief of evidence, requesting counsel for the defendant to examine this copy and point out any part of the evidence to which they had objections, or offer any suggestions as to any material evidence that might be objectionable,

or if they in any way deemed this brief of evidence incorrect, to correct the same. Counsel for the defendant refused to agree to this brief of evidence and objected to the court's approving it. Counsel for the plaintiff asked the court to take the brief of evidence and go over the same and add to, take from, or vary it in any way the court saw fit, so that the brief of evidence would constitute a true and correct brief of the evidence if the same was not true and correct. The court refused to read this brief of evidence and rendered this judgment: "Upon this motion for new trial coming on to be heard and it appearing to the court that counsel for defendant refuses to agree to the brief of evidence as offered and filed by counsel for the movant, and it further appearing that two days were consumed in taking the evidence in the case, the evidence being taken down by the court reporter, and that the court does not remember the names of all witnesses testifying nor all the witnesses that testified, the court refuses to approve the brief of evidence filed by movant and dismisses movant's motion for new trial." To this judgment the plaintiff excepts.

1. Consent of opposing counsel need not be obtained, but under section 6089 of the Civil Code of 1910, the approval by the trial judge of the brief of evidence is a necessary requisite. *Martin* v. *Mendel,* 10 *Ga. App.* 417, 421 (73 S. E. 620) ; *Crumbley* v. *Brook,* 135 *Ga.* 723 (70 S. E. 655) ; *Price* v. *High,* 108 *Ga.* 145, 149 (33 S. E. 956) ; *Kahn* v. *Motion Pictures Adv. Co.,* 17 *Ga. App.* 454, 455 (87 S. E. 684).

2. On presentation of an incorrect brief of evidence the trial judge may require that it be corrected, and upon movant's failure or refusal to correct it the judge may refuse to approve it, but before refusing on the ground that the brief is incorrect, he should call attention to the particulars in which it is incorrect and afford the movant an opportunity to correct it. *McConnell* v. *State,* 8 *Ga. App.* 394, 396, 397 (69 S. E. 120) ; *Martin* v. *Mendel,* supra; *Bugg* v. *State,* 13 *Ga. App.* 672 (2), 674, 675 (79 S. E. 748) ; *Tompkins* v. *Hardison,* 31 *Ga. App.* 276 (2) (120 S. E. 556).

3. The trial judge may avail himself of the official stenographic report, or of an oral reading of the evidence by the stenographer from his notes. "There is no law, however, which requires a party . . or his counsel to make up a brief of the evidence from the official stenographer's report. It is simply incumbent upon the

movant's counsel to prepare and present to the judge a correct brief of the evidence, and in so preparing it he may resort to his own memory, to notes taken by himself, or to any other source, so that the brief he does present for approval be fair and accurate." *Central R. &c. Co.* v. *Robertson,* 92 *Ga.* 741, 744 (18 S. E. 986); *Edmonds* v. *State,* 122 *Ga.* 728, 730 (50 S. E. 936); *S. A. L. Ry.* v. *Memory,* 126 *Ga.* 183, 187 (55 S. E. 15); *McConnell* v. *State,* supra; *Tompkins* v. *Hardison,* supra.

(*a*) The real question, when a brief of evidence is presented within the time allowed by the court for that purpose, is whether the brief is a correct statement of the material testimony delivered upon the trial. If it is, it should be approved regardless of the views of opposing counsel. *Bugg* v. *State,* supra.

(*b*) The trial court should not have dismissed the motion for a new trial for the reasons stated in his order, but, on the contrary, there should have been some effort made on his part to correct and approve the brief of evidence as filed and presented by the movant.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*