CANNON *v.* GAINES.

BELL, Chief Justice. 1. A ground of an amendment to a motion for a new trial based on incidents of the trial dehors the record can not be considered by this court, where the recitals of fact as to such matters are disapproved by the trial judge; nor is the refusal of the judge to verify recitals as to such extraneous matters subject to review by this court. *City Bank of Macon* v. *Kent*, 57 *Ga.* 283 (22); *Wood* v. *Isom*, 68 *Ga.* 417 (5 a); *Fletcher* v. *Collins*, 111 *Ga.* 253 (36 S. E. 646); *Vernon* v. *State*, 13 *Ga. App.* 274 (79 S. E. 85); *Goffe* v. *State*, 14 *Ga. App.* 275 (80 S. E. 519).

2. "On the argument of the motion, although the judge may know and announce that some of the recitals are incorrect, he is not legally bound to point out the errors, but may adjudicate upon the motion as he finds it, noting the errors, if he shall think proper, in his final order." *City Bank of Macon* v. *Kent*, supra.

3. The rule is somewhat different as to a refusal to approve a brief of evidence. "If one who makes a motion for a new trial in due and seasonable time presents a brief of the evidence, evincing a fair and bona fide effort to comply with the law, but which is imperfect or incorrect in certain particulars, the proper practice is not to dismiss the motion for new trial at once because of such imperfections, but to allow a reasonable opportunity to correct them. If the movant fails or refuses to do so, the motion may be dismissed." *Norred* v. *State*, 127 *Ga.* 347 (3) (56 S. E. 464).

4. Under the rule quoted in the preceding paragraph, as applied to the facts of the instant case, the judge erred in entering a final order

disapproving the brief of evidence and denying a new trial, without first allowing the movant reasonable opportunity to correct whatever errors there were in the brief of evidence as tendered for approval, it not appearing that the judge did not remember the evidence. *Central Railroad & Banking Co.* v. *Pool*, 95 *Ga.* 410 (2) (22 S. E. 631); *Price* v. *High*, 108 *Ga.* 145, 149 (33 S. E. 956); *McAdams* v. *State*, 9 *Ga. App.* 166 (3) (70 S. E. 893); *Bugg* v. *State*, 13 *Ga. App.* 672 (2) (79 S. E. 748); *Nixon* v. *Growers Exchange Finance Corp.*, 42 *Ga. App.* 642 (157 S. E. 119); *Camp* v. *Curry-Arrington Co.*, 46 *Ga. App.* 17 (166 S. E. 428); *Glass* v. *Brown*, 49 *Ga. App.* 610 (4) (176 S. E. 519); *Griffin* v. *State*, 50 *Ga. App.* 214 (177 S. E. 512); *Scott* v. *State*, 53 *Ga. App.* 61 (4) (185 S. E. 131); *Stokes* v. *State*, 67 *Ga. App.* 276 (19 S. E. 2d, 842).

5. In the following cases, relied on by the defendant in error, no question was raised as to a refusal of the judge to approve a tendered brief of evidence without first allowing the movant opportunity to correct defects therein: *Chastain* v. *Smith*, 47 *Ga.* 473; *Price* v. *Price*, 122 *Ga.* 321 (50 S. E. 91); *Roberts* v. *Cairo*, 133 *Ga.* 642 (2) (66 S. E. 938); *Smith* v. *State*, 62 *Ga. App.* 733 (3) (9 S. E. 2d, 714).

*Judgment reversed. All the Justices concur.*

No. 15148. MAY 10, 1945.

*William B. Kent,* for plaintiff.
*B. P. Jackson,* for defendant.