POWELL *et al.* v. POOL.

No. 16027. DECEMBER 1, 1947.

*R. D. Smith, L. L. Moore, R. L. Moore,* and *Ford & Houston,* for plaintiffs in error.

*Robert B. Williamson,* contra.

CANDLER, Justice. (After stating the foregoing facts.) Upon the plaintiff in error rests the burden of showing error by which he was injured. It is insisted that the court erred in rendering the judgment complained of without hearing evidence. A recital contained in the bill of exceptions concedes that the order of dismissal was granted on the day the court orally announced the dismissal of the motion for new trial. The only other question presented by the writ of error is whether or not the judge abused his discretion in refusing to approve a brief of the evidence presented to him, and after declining to do so in dismissing the motion for new trial. From the record it appears that the motion for new trial was pending for more than three years before it was dismissed. During December before the order of dismissal was signed on May 7, 1947, the movants presented what they claimed was a correct brief of the evidence. It consisted of 10 typewritten pages covering the testimony of a case where the trial lasted two days. Conferences were held between counsel for the parties and the trial judge in an effort to perfect a brief of evidence, but because of the lapse of time and the fact that the case had not been stenographically reported, they were unable to agree on a brief which the judge was willing to approve. Confronted with this situation there was nothing that the court could do except dismiss the motion. We think that it would be fruitless to reverse the judgment refusing to reinstate the motion for new trial; for if the judge does not remember the evidence—

and he states in the judgment complained of that he does not— the brief of evidence can not be approved, and without it the motion is so incomplete as to be absolutely nugatory. A reversal now would place the plaintiffs in error in no better position than they were when the motion for new trial was dismissed. The law does not require that a useless thing be done. *Martin* v. *Mendel,* 10 *Ga. App.* 417 (73 S. E. 620).

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*