37810. WOOD *et al.* v. SHEPPARD.

DECIDED OCTOBER 8, 1959.

■■■■■■■■■■■■

*Wilson, Branch & Barwick, M. Cook Barwick, J. Frank Ogletree, Jr.,* for plaintiffs in error.

*M. M. Armistead,* contra.

QUILLIAN, Judge. ■ The court in ruling on the previous appeal of this case did not pass on the merits of the motion of the plaintiffs in error for a judgment notwithstanding the verdict. It merely noted that a motion was pending. The trial judge is correct in denying the motion for judgment notwithstanding the verdict. The judge's ruling is a judgment and not a verdict. Such a motion is not permissible under our State rules of procedure when a judge presides without an intervention of a jury. This case is controlled by *Smith* v. *General Motors Acceptance Corp.,* 98 *Ga. App.* 840 (107 S. E. 2d 334), and *Associates Discount Corp.* v. *Parlier,* 98 *Ga. App.* 740 (107 S. E. 2d 238).

■ It is the duty of the trial judge to certify a brief of evidence when duly presented by counsel unless the brief of evidence is incorrect or the trial judge can not remember the evidence distinctly and sufficiently to correct the brief of evidence. Code (Ann.) § 70-301; *Bugg* v. *State,* 13 *Ga. App.* 672 (79 S. E. 748). If the brief of evidence is incorrect and if there has been a bona fide effort to comply with the law, the usual practice is not to dismiss the motion for new trial, but to allow a reasonable opportunity to correct it (*Cannon* v. *Gaines,* 199 *Ga.* 277, 34 S. E. 2d 103; *Norred* v. *State,* 127 *Ga.* 347 (3), 56 S. E. 464), and to point out the particulars for correction. *Camp* v. *Curry-Arrington Co.,* 46 *Ga. App.* 17 (166 S. E. 428).

There is no requirement that the opposing counsel must agree before submitting the brief of evidence to the trial judge. In *Bugg* v. *State,* 13 *Ga. App.* 672, 673, supra, it is held: "It is plain that the trial judge dismissed the motion for new trial because the movant's counsel had not procured a transcript of the stenographic report of the official stenographer, and because

for this reason the solicitor of the city court would not agree to the brief of the evidence as presented by counsel for the movant. It does not appear from the petition for certiorari, that the judge of the city court could not remember the testimony, and for this reason was unable to correct the brief, nor does it appear that the court called the attention of the movant's counsel to those particulars wherein the brief of evidence was incorrect, and that counsel refused to correct it in accordance with the recollection of the court. If the judge had stated in the order that he was unable to remember the testimony delivered on the trial (*Martin* v. *Mendel,* 10 *Ga. App.* 417, 73 S. E. 620), or even if he had stopped with the statement that he declined to approve the brief because it was incorrect, nothing would be presented for review. It seems plain to us, however, from a reading of the order, that the dismissal of the motion was based upon the fact that the solicitor of the city court would not agree to the brief as presented, and the movant's counsel had not procured a transcript of the stenographic report of the official stenographer."

In *Price* v. *High & Co.,* 108 *Ga.* 145, 149 (33 S. E. 956) it was held: "The law does not require the approval of the brief of evidence by opposing counsel. He has nothing to do with it. The law requires the brief to be approved by the trial judge only. It may be necessary for him to have the full stenographic report written out, in order to ascertain whether the material evidence is all embraced in the brief of evidence presented to him. This he can require. *Central R. Co.* v. *Robertson,* 92 *Ga.* 741. If a brief of evidence containing only the material facts should be presented to a trial judge and he refuse to approve it, a bill of exceptions would lie to this refusal."

The *Bugg* case was considered and held as controlling in *Camp* v. *Curry-Arrington Co.,* 46 *Ga. App.* 17, supra, in that the only criterion for passing on the sufficiency of a brief of evidence is whether or not it speaks the truth of the material facts of the trial regardless of the views of opposing counsel.

The trial judge's order clearly reveals that he did not examine the brief of evidence to ascertain whether it contained an accurate account of the evidence adduced on the trial, but that he

assumed, for certain reasons, that he would not be able to recall the evidence.

The rationale of what is here held, is not that the trial judge must certify whether the brief of evidence contains or does not contain the evidence adduced upon the trial, but that he determine after examining the document whether, with his memory thus aided, he can recall what transpired on the trial well enough to enter an order of approval or disapproval, or direction that the brief of evidence be corrected to conform with his memory of the evidence, he should enter such an order. If on examination of the document tendered him as a brief of evidence, he can not remember the evidence admitted on the trial, there is no requirement of law that he enter any order. The plaintiffs in error are entitled to the benefit of the judge inspecting the proposed brief of evidence, since the reading of it may refresh his memory and enable him to recall the evidence well enough for him to enter his approval of it. The law contemplates that the judge examine the brief of evidence and determine from his perusal of it whether or not he will approve or refuse to certify it as correct.

*Judgment affirmed in part, and reversed in part. Felton, C. J., and Nichols, J., concur.*