38156. POUND *v.* DUNN.

Decided April 5, 1960.

*Jack L. Cooper, Casey Thigpen,* for plaintiff in error.
*John F. Hardin,* contra.

NICHOLS, Judge. A reading of the judgment shows that the motion for new trial was overruled because "counsel" were unable to agree on the brief of evidence. Error is assigned in the bill of exceptions on this disposition of the case and it is contended that it was, "error for the court to disallow proposed brief of evidence, without, in said order stating, in what particular, same did not meet requirements of law, and wherein incorrect or point out omissions, so as to give counsel for movant an opportunity to make corrections and amends."

" 'If one who makes a motion for a new trial in due and seasonable time presents a brief of the evidence, evincing a fair and bona fide effort to comply with the law, but which is imperfect or incorrect in certain particulars, the proper practice is not to dismiss the motion for new trial at once because of such imperfections, but to allow a reasonable opportunity to correct them. If the movant fails or refuses to do so, the motion may be dismissed.' *Norred* v. *State*, 127 *Ga.* 347 (3) (56 S. E. 464)." *Cannon* v. *Gaines*, 199 *Ga.* 277 (3) (34 S. E. 2d 103).

In the *Cannon* case, supra, the Supreme Court applied the above law and held: "Under the rule quoted in the preceding paragraph, as applied to the facts of the instant case, the judge erred in entering a final order disapproving the brief of evidence and denying a new trial, without first allowing the movant reasonable opportunity to correct whatever errors there were in the brief of evidence as tendered for approval, it not appearing that the judge did not remember the evidence. *Central Railroad & Banking Co.* v. *Pool*, 95 *Ga.* 410 (2) (22 S. E. 631); *Price* v. *High*, 108 *Ga.* 145, 149 (33 S. E. 956); *McAdams* v. *State*, 9 *Ga. App.* 166 (3) (70 S. E. 893); *Bugg* v. *State*, 13 *Ga. App.* 672 (2) (79 S. E. 748); *Nixon* v. *Growers Exchange Finance Corp.*, 42 *Ga. App.* 642 (157 S. E. 119); *Camp* v. *Curry-Arrington Co.*, 46 *Ga. App.* 17 (166 S. E. 428); *Glass* v. *Brown*, 49 *Ga. App.* 610 (4) (176 S. E. 519); *Griffin* v. *State*, 50 *Ga. App.* 214 (177 S. E. 512); *Scott* v. *State*, 53 *Ga. App.* 61 (4) (185 S. E. 131); *Stokes* v. *State*, 67 *Ga. App.* 276 (19 S. E. 2d 842)." In the present case it appears that the trial judge refused to approve the brief of evidence because "counsel" could not agree that the same was correct and instanter overruled the plaintiff's motion for new trial without pointing out the inaccuracies in such brief of evidence, and, since it does not appear that the trial judge could not remember the evidence, the judgment complained of must be reversed.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*