## WATSON, sheriff, v. DAMPIER.

FISH, C. J.  1. The judge of the city court of Dublin has authority to compel obedience to the judgments, orders, and processes of the court (Civil Code, § 4644, par. 3), and to inflict punishment by a fine or imprisonment for contempt of court by the misbehavior of any of the officers of the court in their official transactions, and the disobedience or resistance by any officer of the court, or other person, to any lawful order, rule, or command of the court (Civil Code, § 4643).

2. The judge of that court has the power, under the act creating the court (Acts 1900, p. 117, sec. 42), to appoint a stenographer of the court, one of whose duties prescribed by the act shall be to "report all criminal cases when either the defendant or the State's attorney demand it, and whenever the judge in his discretion shall require any criminal cases reported, whether either party demands it or not. Said stenographer shall be paid for his services in reporting criminal cases five dollars for each day's work while actually engaged in reporting and transcribing his stenographic notes."

(a) In the absence of the regularly appointed stenographer, the judge has the implied power to appoint a substitute, or stenographer pro tem., to perform the duties of the absent stenographer.

(b) Where, in the absence of the regularly appointed stenographer, the judge requested another person, who had under similar circumstances acted as stenographer and been paid for his services as such, to act as the stenographer of the court, and to perform the duties of the office, and such person complied with the request, and undertook to perform such duties, he thereby became, while so acting, the stenographer of the court and a court officer, and subject to the same rules and orders of the court as the absent stenographer, notwithstanding there was no written order appointing him, and no oath of office was administered to him.

(c) That an oath, under such circumstances, was not indispensable, see Mechem, Pub. Off. § 6, and cases cited in note 2.

3. Where, in the absence of the regularly appointed stenographer of the city court of Dublin, the judge of that court requested another person, as stated in paragraph (b) supra, to report a criminal case then on trial in the court, and this person undertook to comply with the request, and took down in shorthand the evidence submitted on the trial, and without the knowledge or consent of the judge absented himself from the court-room, going to his office, a short distance away, taking his notes with him, and refused, upon the order of the court communicated to him, to report at the court-room for the purpose of reading his notes in order to settle a controversy between counsel in the case as to the testimony of a witness, and, after being forced to return to the court-room with his notes, declined to read them, thus necessitating a postponement of the trial, and the only excuse rendered by such person for not complying with the court's order was that he was not the official stenographer of the court, and that no oath had been administered to him:  *Held*, that such conduct of the person so acting as stenographer was a contempt of the court, and the judge did not err

in imposing upon him a fine, or, in lieu thereof, an imprisonment in jail.

4. Upon the hearing of a habeas-corpus proceeding instituted by the contemner, wherein the facts were as stated in the next preceding note, the judge of the superior court erred in discharging the contemner.

*Judgment reversed. All the Justices concur.*

No. 907. NOVEMBER 18, 1918.

Habeas corpus. Before Judge Kent. Laurens superior court. March 3, 1918.

*S. P. New,* for plaintiff in error.

*T. E. Hightower, J. E. Burch, Smyth Burch,* and *S. W. Sturgis,* contra.