## 17517. SMITH *v.* THE STATE.

Contempt of court was sufficiently alleged in the petition and shown by the evidence, from which it appeared that the defendant went .to a person upon whom the court had imposed a probation sentence for a violation of the prohibition law, and endeavored to induce him to violate the terms of probation and drink whisky, saying to him, "Damn the court, take a drink."

DECIDED OCTOBER 5, 1926.

Contempt; from city court of Swainsboro—Judge Herrington. May 24, 1926.

*Guy Alford, Humphrey & Edenfield,* for plaintiff in error.

LUKE, J. The defendant Floyd Smith was adjudged in contempt of court, and sentenced to serve two days in jail and pay the costs, "in that he attempted to interfere and did interfere

---

Contempt, 13 C. J. p. 9, n. 66; p. 33, n. 77; p. 49, n. 60, 63; p. 54, n. 42; p. 65, n. 85; p. 77, n. 93.

with the sentence and order of the court imposing a sentence of 12 months in the chain-gang against one A. M. Hardee, to be served under probation outside the confines of said chain-gang, causing and attempting to cause said A. M. Hardee to violate the terms of said order and sentence of the court." The petition filed by the solicitor alleged that the defendant, Floyd Smith, "endeavored to induce the said Hardee to violate his parol or probation sentence and drink some of the whisky which he, the said Floyd Smith, had;" that "the said Floyd Smith expressed himself by the use of violent and obscene language concerning the probation sentence, and towards and of the court," and "that the conduct of the said Floyd Smith was contemptuous of the court's order and of the court."

The evidence showed that A. M. Hardee entered a plea at the February term of the court, 1926, for selling liquor, and was given a fine and twelve months sentence on the chain-gang, the sentence to be served outside the confines of the chain-gang, under a probation officer; that during the latter part of March, 1926, the defendant Floyd Smith came to Hardee's home and had something in a bottle, that Hardee took to be whisky; that Floyd Smith, who seemed to be intoxicated, asked Hardee to take a drink; that Hardee told the defendant Smith that he (Hardee) could not take a drink, because he was under probation; that after being informed that Hardee was under probation the defendant Smith said: "Damn the court, take a drink." The defendant filed a general demurrer to the petition, and the demurrer was overruled. To the overruling of his general demurrer and to the rendering of the judgment against him the defendant excepted.

The court properly overruled the general demurrer to the petition; and the judgment rendered upon the trial of the case was amply authorized by the evidence. Plaintiff in error in his brief says: "If such a ruling [as the one rendered by the trial judge] is correct, our law affords more protection to criminals under sentence than it does to mere children." While persons serving a sentence under probation should be protected in their efforts to fulfill the terms of their parol, the primary object of the proceeding under consideration is not the protection of the paroled person, but the upholding of the majesty of the law, respect for the courts and for the orders of courts, and consequently the protection

of society.   Section 4644 of the Civil Code (1910) provides that "Every court has power to compel obedience to 'its judgments, orders, and process, and to the orders of a judge out of court, in an action or proceeding therein;" and section ,4643 of the Civil Code provides that the several courts of this State have power to punish for contempt of court, "the disobedience or resistance by any . . person or persons to any lawful writ, process, order, rule, decree, or command of the said courts." There was ample evidence to show that the defendant attempted to resist a specific order of the court, and also to "obstruct the administration of justice."   Furthermore, he used disrespectful and contemptuous language concerning and of the court.   Respect for duly constituted and properly exercised authority is essential to the welfare of a people.   Power to enforce its orders and to punish for an unlawful and contemptuous interference therewith is inherent in the organization of a court, and necessary to a proper exercise of its functions.   See *Watson* v. *Dampier,* 148 *Ga.* 588 (1) (97 S. E. 519) ; *Bradley* v. *State,* 111 *Ga.* 170 (36 S. E. 630, 50 L. R. A. 691, 78 Am. St. Rep. 157).   There are numerous authorities to the effect that the discretion of courts in punishing for contempt will not be controlled unless grossly abused.   There was no such abuse in the instant case.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*